JAMES BRADLEY, Admr., Appellant, *vs.* THE CHICAGO-VIR-
DEN COAL COMPANY, Appellee.

*Opinion filed December 17, 1907—Rehearing denied Feb. 6, 1908.*

1. LIMITATIONS—*cause of action based on Mines act and one based upon common law liability are different.* A cause of action by the parents of a deceased miner based upon a willful violation of the Mines act differs from one brought by the administrator and based upon common law liability, both as to the parties plaintiff and the essential allegations and proof, and hence the filing of the declaration counting upon willful violation of the Mines act does not toll the Statute of Limitations in favor of the declaration counting upon common law liability.

2. SAME—*when an action by administrator is barred.* Where a declaration by an administrator counting upon common law liability is amended by striking out the common law counts and substituting a declaration counting upon willful violation of the Mines act, in which the father and mother of deceased are made plaintiffs, the cause stands, as respects the Statute of Limitations, as though no legal proceedings had been begun by the administrator, and hence any subsequent amendment re-charging common law liability and re-instating the administrator as plaintiff must be made before the Statute of Limitations has run.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. O. P. THOMPSON, Judge, presiding.

On August 22, 1902, appellant, as the administrator of the estate of Edward Bradley, deceased, commenced an action on the case against appellee, in the circuit court of Sangamon county, for damages on account of the death of his intestate, which occurred on July 25, 1902, from injuries received some nine days before in a mine operated by appellee. The declaration as originally filed consisted of two counts, the first charging common law negligence, and the second, liability for an injury arising from the willful violation of the Mines and Miners act. Demurrer was sustained

to each count, and on January 21, 1904, appellant filed his amended declaration of two counts, both charging common law negligence. February 29, 1904, appellant, on his own motion, was dismissed as plaintiff and the father and mother of the deceased were substituted. The *præcipe* and summons were amended accordingly, and on April 4, 1904, the declaration was amended so as to charge statutory negligence, only, under the Mines and Miners act, in three counts. June 27, 1904, after some intervening motions, a demurrer previously filed to the amended declaration was sustained, and on July 14 leave was given to file an amended declaration. December 27, 1904, a motion was made by Edward Bradley and Mary Ann Bradley, said parents, to be dismissed out of the suit and to substitute as plaintiff James Bradley, administrator. At the same time a motion was made by James Bradley to be substituted as plaintiff, and also to amend the papers and declaration and to file additional counts, which amendments were thereafter filed, December 27, 1904, and on January 9, 1905, additional counts were filed. January 16, 1905, the appellee filed a motion to strike from the files all papers filed December 27, 1904, and January 9, 1905. On January 18, 1905, upon cross-motion by plaintiff, leave was given to withdraw the papers filed December 27, 1904, and January 9, 1905, and to re-file the same, which was done. The declaration as then finally amended contained five counts, each charging common law negligence alone, three being afterwards dismissed and the case tried on the remaining two. To this declaration appellee filed a plea of general issue and also one setting up the Statute of Limitations. *Similiter* was filed to the first plea and demurrer to the plea of the statute, which demurrer the court sustained and the case proceeded to trial, resulting in a verdict for $5000 in favor of the administrator, which was set aside by the trial court, and upon new trial a verdict of $3500 was returned, upon which judgment was rendered. Appeal being taken to the Appellate Court, an order was en-

tered reversing the judgment. A petition for rehearing was filed, wherein it was admitted of record that there were no additional facts, not already appearing of record, which could be pleaded to avoid the legal effect of the Statute of Limitations. The petition for rehearing was denied by that court, the order reversing the judgment of the circuit court set aside and the demurrer interposed by appellant to the plea of the Statute of Limitations was overruled and final judgment was entered in that court against appellant in bar of his action. This appeal followed.

C. F. MORTIMER, PERRY & MORGAN, and McQUIGG & DOWELL, for appellant:

Substituting the party having the legal right to sue instead of one improperly named as plaintiff, whether such improper person be named in the original declaration or be brought into the suit by some amendment of the declaration, is in no sense the commencement of a new suit, but, so far as the defendant is concerned, the suit will be regarded as commenced at the time of the original issuing and service of summons. Starr & Cur. Stat. chap. 7, sec. 1, and chap. 110, par. 24; *Insurance Co.* v. *Ludwig,* 108 Ill. 514; *Life Ins. Co.* v. *Mueller,* 77 id. 22; *Railway Co.* v. *Jenkins,* 103 id. 588.

The fact that a declaration, or some count thereof, after a demurrer has been sustained thereto, is amended several times in the course of arriving at an issue does not eliminate from the case the several counts or declarations filed in the course of such amendments or cause them to go out of the case as each successive amendment is made, but they still constitute a part of the pleadings and are to be referred to for the purpose of settling the subsequent pleadings. *Railway Co.* v. *Aufmann,* 221 Ill. 614; *Railway Co.* v. *Brown,* 89 Ill. App. 318; 193 Ill. 274; *Swift & Co.* v. *Madden,* 165 id. 41; *Railway Co.* v. *McMeen,* 216 id. 451; *Dalton* v. *Railway Co.* 93 Ill. App. 7; *Mackey* v. *Milling Co.* 210 Ill.

115; *Doyle* v. *Sycamore*, 193 id. 501; *Salmon* v. *Libby, McNeill & Libby*, 219 id. 421; *Railroad Co.* v. *Reilly*, 75 Ill. App. 125.

CONKLING & IRWIN, for appellee:

An amendment which permits the substitution of the administrator, provided as plaintiff under the Injuries act, for the lineal heirs, as plaintiffs under the Mines act, is un-authorized. *Coal Co.* v. *Fisher*, 119 Ill. App. 284.

A cause of action is the right which a party has to institute and carry through a proceeding,—the legal right of the plaintiff invaded by the defendant. *Swift & Co.* v. *Madden*, 165 Ill. 41.

In personal injury cases the cause of action is the act or thing done or omitted to be done by the one which confers the right upon the other to sue,—in other words, the act or wrong of defendant toward the plaintiff which causes the grievance for which the law gives a remedy. *Railway Co.* v. *Brown*, 89 Ill. App. 318; *Railroad Co.* v. *Reilly*, 75 id. 125.

Where an amended declaration sets up a new and entirely different cause of action after the period of limitation has run, the Statute of Limitations may be pleaded in bar. *Railroad Co.* v. *Reilly*, 75 Ill. App. 125; *Coal Co.* v. *Fisher*, 119 id. 284; *Railroad Co.* v. *Jones*, 149 Ill. 361.

Where the change of a party to a suit, and consequent amendment of the declaration, injects a new cause of action into the pending suit after limitation has run to the cause of action set up by the amendment, the plea of Statute of Limitations is good. *Railroad Co.* v. *Cobb, Christy & Co.* 64 Ill. 128; *Thomas* v. *Insurance Co.* 108 id. 91; *Insurance Co.* v. *People*, 209 id. 42.

The change of the cause of action from one under the Injuries act to one under the Mines act did away with all pleadings not applicable to the latter. *Lumber Co.* v. *Kel-*

231 — 40

*ter,* 102 Ill. App. 333; 201 Ill. 503; *Hogan* v. *Ross,* 13 How. 173.

Mr. JUSTICE CARTER delivered the opinion of the court:

The first declaration as amended January 21, 1904, sought a recovery upon the breach of a common law liability. The declaration as changed April 4, 1904, substituted the parents, as next of kin, as plaintiffs in place of the administrator, and set up an action for recovery of a statutory penalty, only, under the Mines and Miners act. Afterwards, on January 18, 1905, the declaration was again amended so as to ask for recovery on the common law liability alone, the administrator being substituted as plaintiff in place of the next of kin. The Appellate Court held that this last amendment substituted a new and different cause of action from that relied upon in the declaration as it existed previous to this last amendment, and that therefore the Statute of Limitations had run and the plea of this statute was good and should have been sustained.

This court held in *United States Ins. Co.* v. *Ludwig,* 108 Ill. 514, that where an action at law is brought in the name of the beneficial plaintiff an amendment substituting the proper person as plaintiff is allowable, and that such substitution is in no sense the commencing of a new suit. In discussing the question whether the amendment of the declaration amounted to the substitution of a new cause of action this court has frequently laid down the rule that if the original declaration states a wholly defective cause of action it cannot be made a basis for amending so as to state a good cause of action, but if the declaration which is to be amended is the statement of a cause of action in a defective manner, it can be amended so as to avoid the effect of the defective pleading; that limitations do not apply to mere matters of pleading, and should not be given that effect indirectly, by holding that an imperfect statement of a cause

of action is no statement of it. (*Eylenfeldt* v. *Illinois Steel Co.* 165 Ill. 185; *North Chicago Street Railroad Co.* v. *Aufmann,* 221 id. 614; *McAndrews* v. *Chicago, Lake Shore and Eastern Railway Co.* 222 id. 232; *Deering* v. *Barzak,* 227 id. 71.) But where an amendment or additional count brings forth a new or different cause of action it is regarded as a new suit, begun when such amendment or additional count is filed, and such amendment or count introducing a cause barred by limitation cannot avoid the statutory bar. *Fish* v. *Farwell,* 160 Ill. 236; *Swift & Co.* v. *Madden,* 165 id. 41; *Heffron* v. *Rochester German Ins. Co.* 220 id. 514.

This court held in *Chicago, Burlington and Quincy Railroad Co.* v. *Jones,* 149 Ill. 361, that where an original declaration declared specially on a statute for recovery, an amended count based on a common law liability introduced a new cause of action, which was barred by limitation. That case is the most nearly like the case at bar of any decided by this court that has been called to our attention. The reasoning in that case would seem to control here: The declaration previous to the amendment of January 18, 1905, was based on the Mines and Miners act, especially section 33 thereof. (Hurd's Stat. 1905, p. 1393.) Under this declaration it was necessary to prove that the cause of the accident was willful on the part of appellee, but it was not necessary to allege or prove that the deceased had exercised due care or was not guilty of contributory negligence. (*Litchfield Coal Co.* v. *Taylor,* 81 Ill. 590; *Kellyville Coal Co.* v. *Strine,* 217 id. 516; *Chicago-Coulterville Coal Co.* v. *Fidelity and Casualty Co.* 130 Fed. Rep. 957; *Springfield Coal Mining Co.* v. *Gordon,* 147 id. 690.) Under the amended declaration filed January 18, 1905, upon which verdict and judgment were based, common law liability was charged, and in order to recover it was necessary to allege and prove that the deceased was in the exercise of due care and had not assumed the risk or been guilty of contributory negligence. (*Carterville Coal Co.* v. *Abbott,* 181 Ill. 495; *Consolidated Coal Co.*

v. *Bokamp,* 181 id. 9.)    Manifestly, the cause of action nec-
essary to be alleged and proved under the Mines and Miners
act was a different cause of action from that which must be
alleged and proved by the administrator to recover on the
common law liability.    Not only are the parties plaintiff
different, but the proof necessary to make out a case may be
very different in one case from that required in the other.

When, on April 4, 1904, the declaration was amended
by striking out the common law counts and substituting a
declaration based solely on the Mines and Miners act the
action commenced by appellant as administrator terminated,
and the case then stood as if no legal proceedings had been
commenced by him, so far as the running of the Statute of
Limitations was concerned.    If the administrator had, there-
fore, gone into another court and started an action relying
on the common law liability, all admit that the Statute of
Limitations would run, the same as if no action had been
started by him previously.    In order to prevent the bar of
the Statute of Limitations, an amendment declaring again
on the common law liability must be filed before the Statute
of Limitations has run.    In the case at bar the deceased was
fatally injured July 16, 1902.    The last amendment, upon
which the verdict was recovered, and which substituted in
place of the statutory liability under the Mines and Miners
act an entire new cause of action based on the common law
liability, was filed January 18, 1905, more than two years
after the cause of action accrued, and hence, whether the one
or two-year Statute of Limitations applies, the action must
be held to be barred.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*