Henderson v. Moweaqua Coal Mining & Manuf. Co., 145 App. 637.

employment of appellee without complaint or protest, appellant must be held to have assumed the risks, and the court did not err in giving. to the jury a peremptory instruction to find appellee not guilty. The judgment will, therefore, accordingly, be affirmed.

*Affirmed.*

### John M. Henderson, Appellee, v. Moweaqua Coal Mining & Manufacturing Company, Appellant.

STATUTE OF LIMITATIONS—*when amended count sets up new cause of action.* An amended count sets up a new cause of action where it differs from the original count in that under the count as originally filed it was necessary in order to recover that the plaintiff should prove the negligence of the defendant as charged and that he himself had not assumed the risk and was in the exercise of due care for his own safety, and under the count as amended it was incumbent upon the plaintiff to prove that his injury resulted from the wilful failure of the defendant to comply with some one or more of the provisions of the Mines and Miners Act and in the latter case the defense of assumed risk and contributory negligence were not available to the defendant.

Action in case for personal injuries. Appeal from the Circuit Court of Shelby county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded. Opinion filed November 17, 1908.

J. C. & W. B. McBRIDE, for appellant; JOHN RIDGELY, JR., and W. C. KELLY, of counsel.

CHAFEE & CHEW and S. S. CLAPPER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover damages for personal injuries sustained by appellee on November 24, 1904, in the coal mine of appellant. A trial by jury in the Circuit Court of Shelby

638     APPELLATE COURTS OF ILLINOIS.

Henderson v. Moweaqua Coal Mining & Manuf. Co., 145 App. 637.

county resulted in a verdict and judgment against appellant for $3,000. The original declaration filed by appellee on November 3, 1905, contained three counts. The first count alleges that appellant had contracted with the miners' union, of which appellee was a member, to furnish to the miners for use in the mine a certain kind of powder branded "C. C. C. Alton Powder," which powder was all large-grained and slow in combustion, said grains exploding so as not to greatly jar or disintegrate the roof of the room wherein the same was used, and that under such contract it became the duty of appellant to furnish to appellee said brand of powder for his use in the mine; that appellant, without notice to appellee, procured another and different kind of powder and negligently and wilfully furnished such other powder to appellee, and that appellee without knowledge of any change in the character of the powder, and while exercising due care for his own safety, used such powder so furnished to him and thereby caused the roof of his working place to be so affected that it thereafter fell upon him.

The second count alleges the same contract with reference to the brand of powder to be used in the mine, and further alleges an agreement between appellant and the miners' union that no change should be made in the character of the powder without the consent of appellee and the miners working in the mine; that not regarding its obligation in that regard, appellant, without the knowledge or consent of appellee and said miners, caused another and different kind of powder to be falsely marked and branded "C. C. C. Alton Powder," with intent to deceive appellee and said miners, and that appellee without knowledge of such change in the character of such powder, while exercising due care for his own safety, used the same, whereby the roof of his working place was so affected that it thereafter fell upon him.

The third count alleges that it was the duty of ap-

pellant to have all places where men were expected to work in said mine carefully inspected and to cause to be marked upon the walls or roof of the said mine with a chalk mark that could be seen and understood a mark which would indicate the dangerous condition of such part of the mine, so that men working therein might notice the same and keep out of danger, and to cause a daily record of the condition of said mine to be made in a book kept for that purpose, and such record should be made in the morning before the miners descended into the mine; that appellant not regarding its obligations or duty in this behalf, did not cause the roof of the mine where appellee was engaged to be marked in any way to show that it was in a dangerous condition; that appellee while exercising due care and caution for his own safety and having no notice from the record required to be kept by appellant of the dangerous condition of the mine where he was about to engage at work and having no notice of any mark upon the ceiling or wall near where he was about to engage at work, although the roof of the room was then in a dangerous condition and the inspector might have discovered it if he had carefully performed his duties in that behalf, and while appellee was at work by reason of such defective roof and of there being no marks to warn appellee, the roof then and there fell upon appellee, etc.   Thereafter appellee filed an additional count which alleged that appellant was operating a coal mine and that appellee was employed as a miner therein; that it was the duty of appellant to provide a proper and careful examination of said mine and to have sufficient mine examiners there employed so that the mine might be properly inspected and all places where men were expected to pass or work should be found to be in safe condition or any dangerous condition marked as indicated, and to cause a careful examination of the edges and accessible parts of recent falls and to cause all dangerous and unsafe places upon the walls or roof of the said mine to be marked as

640 APPELLATE COURTS OF ILLINOIS.

Henderson v. Moweaqua Coal Mining & Manuf. Co., 145 App. 637.

indicated, so that the dangerous and unsafe condition thereof could be seen and understood, and to cause a daily record of the condition to be made in a book for that purpose; that appellant *did not* provide sufficient competent mine examiners in the said mine to permit or allow a proper or careful examination of said mine or to allow reasonable inspection of all places in said mine where the men were expected to pass or to work, or to allow a proper observation of the condition of recent falls made in the mine or the roof and walls of the working places to be made; that on November 25, 1904, appellant procured a careless and negligent examination and inspection of said mine and the working parts thereof and the roof and walls thereof in the rooms and passageways therein to be made, and permitted and allowed inaccurate and false marks to be made in the roof and walls of said mine whereby a condition of safety appeared; that appellee relying upon the performance in a proper manner by appellant of its duty to inspect, examine and mark the mine as aforesaid, and while exercising due care and caution for his own safety, and the record of appellant not indicating any dangerous condition where appellee was about to work, and appellee having no notice of chalk marks on the roof or walls near the place where he was about to work, notwithstanding the roof of the mine at that place was then and there in a dangerous and unsafe condition, which dangerous and unsafe condition might have been readily discovered by due and reasonable inspection, and while appellee was engaged in his said employment, by reason of a defective and unsafe and dangerous condition of said roof, and for want of a careful examination and inspection thereof by appellant, and the failure of the appellant to mark such unsafe condition, the roof fell upon appellee, etc.

On November 13, 1907, appellee by leave of court amended the third count of his declaration by striking out the italicized words "did not," appearing

therein after the word "behalf," and before the word "cause," and inserting in lieu thereof the words "wilfully failed to," and on the same day by like leave of court appellee amended his additional count by striking out the italicized words "did not" which appeared therein after the word "behalf" and before the word "provide," and inserting in lieu thereof the words "wilfully failed to."

To the third and additional counts as thus amended appellant filed its plea of the Statute of Limitations, averring that the cause of action alleged in said third and additional counts did not accrue to appellee within two years next before the filing thereof.

A demurrer interposed by appellee to said plea of the Statute of Limitations was sustained by the court and thereupon appellant elected to abide its said plea.

The third and additional counts of the declaration as originally filed charged appellant with common law negligence merely. They contained no reference whatever to the statute, a wilful failure to comply with the provisions of which gives a party injured the right to recover damages for such injury, and they contained no allegation that appellant had wilfully failed to comply with any provision of the statute. The breach of the several duties alleged some of which were imposed by statute and some of which had no reference to the statute, was the failure of appellant to carefully perform such duties. Both of those counts further alleged that appellee was in the exercise of due care for his own safety when he was injured. This allegation had no place in a declaration which predicated a right of recovery upon the wilful failure of a mine operator to comply with the provisions of the Mines and Miners Act.

The amendments to the third and additional counts of the declaration were made more than two years after the cause of action accrued, and as thus amended said counts of the declaration stated other and differ-

ent causes of action from those which were alleged in said counts as originally filed. Under the counts as originally filed, it was necessary in order to recover that appellee should prove the negligence of appellant as charged and that he, himself, had not assumed the risk and was in the exercise of due care for his own safety; and under the counts as amended it was incumbent upon appellee to prove that his injury resulted from the wilful failure of appellant to comply with some one or more of the provisions of the Mines and Miners Act, and in the latter case the defenses of assumed risk and contributory negligence were not available to appellant.

When an amendment states a new or different cause of action than that which was originally stated, it is to be regarded as a new suit begun when such amendment is filed; and the Statute of Limitations may be pleaded in bar of the cause of action introduced by the amendment. Heffron v. Rochester Ins. Co., 220 Ill. 514. In Bradley v. Chicago-Virden Coal Co., 231 Ill. 622, it was held that a cause of action which predicated a right of recovery upon the wilful violation of the provisions of the Mines and Miners Act was different and distinct from a cause of action based upon a common law liability, and that such change in the cause of action affected by amendment was barred by the Statute of Limitations. In the case at bar the demurrer interposed by appellee to appellant's plea of the Statute of Limitations to the third and additional counts of the declaration as amended should have been overruled.

Even conceding that appellant failed to furnish a particular brand of powder and that it substituted therefor another and different brand of powder, as is alleged in the first and second counts of the declaration, and this concession is not warranted by the evidence, the evidence wholly fails to show that such conduct on the part of appellant was the proximate cause of the injury to appellee.

Considering the evidence bearing upon that question as it appears in the record, most favorably for appellee, it tends to show that in May, 1904, a committee of the Miners Union made complaint on behalf of the miners employed in the mine, to the superintendent of appellant in regard to the powder then used in the mine; that the powder then in use in the mine was known as "C. C. Alton Powder," and the objection urged to its use was that it was too fine and that the shots fired by it did not produce sufficient lump coal; that appellant's superintendent told said committee he would furnish any kind of powder which would produce the best results in that regard, and proposed to the committee that he would send for Louis Berner, the traveling salesman of the Equitable Powder Co. at Alton, for a conference upon the subject; that upon the arrival of said Berner at the mine, he had a conference with the committee and that said committee thereafter visited the powder works at Alton and inspected the various brands of powder manufactured by the company; that the committee there selected a powder branded "C. C. C," as being best suited to produce the desired results, and took a keg of said powder to the mine for the purpose of testing the same; that said powder was tested by the committee in competition with another brand of powder and was selected by said committee for use in the mine; that in pursuance of the request of said committee, appellant ordered and furnished to the miners for use in the mine the powder branded "C. C. C."; that said powder although thus branded was not all of the same grade, some of the kegs containing a finer grade of powder than the original sample; that in the latter part of October, 1904, a committee of the miners again called upon the superintendent of appellant and complained that the powder was a finer grade than it should be, and at the suggestion of the superintendent, several of the kegs of powder stored in the magazine and branded "C. C. C." were opened and examined

644     APPELLATE COURTS OF ILLINOIS.

Henderson v. Moweaqua Coal Mining & Manuf. Co., 145 App. 637.

and found to contain a finer grade of powder than the original sample; that it was then agreed between said committee and said superintendent that after the stock of powder then on hand was exhausted, efforts should be made to procure a more uniformly coarse grade of powder; that prior to firing the shot which loosened the slate in the roof of appellee's working place he said to appellant's superintendent with reference to the powder branded "C. C. C," which he was then using, that he would carry it back out to him, and the superintendent replied that if he. (appellee) carried it out he would carry it back.

The evidence shows conclusively that the powder branded "C. C. C." was selected by. a committee of the Miners Union of which appellee was a member, and that appellant procured the powder so selected, and was not in any way responsible for the fact that the powder was not of uniform grade.

It is further conclusively established by the evidence that the objection to the powder was not based upon any claim that its use was attended with greater danger to the miners, but that the sole ground of the objection to its use was that it did not produce sufficient lump coal. The fact that the fine grade of powder fires more rapidly and is more liable to disintegrate the roof of a working place in a mine than a coarse grade of powder is a mere incident in the case, which, under the evidence, cannot be held to have had any relation as an approximate cause of the injury to appellee.

In view of what has been heretofore said it is unnecessary to consider the various objections urged by appellant to the instructions given to the jury at the instance of appellee. It is sufficient to say upon this subject that even if the third and additional counts to the declaration were proper to be .considered in the case, many of the instructions so given are erroneous and would necessarily require a reversal of the judgment.

The judgment of the circuit court will be reversed and the cause remanded for further proceedings not inconsistent with the views here expressed.

*Reversed and remanded.*