## Robert McCray, Administrator, Appellee, v. Moweaqua Coal Mining & Manufacturnig Company, Appellant.

1. MINES AND MINERS ACT—*in whom right of action lies for wilful violation.* For a wilful violation of the Mines and Miners Act resulting in death, the cause of action is vested by statute in the widow and not in the administrator of the deceased.

2. MINES AND MINERS ACT—*what essential to recovery for wilful violation.* In an action under the Mines and Miners Act it is neces-

sary to prove that the proximate cause of the death was the wilful violation of the defendant to comply with some of the provisions of such statute, and the defenses of contributory negligence and assumption of risk are unavailing.

3. STATUTE OF LIMITATIONS—*when new cause of action set up.* If the original declaration relied upon a right of action created at common law and the amended declaration sets up a cause of action conferred by the Mines and Miners Act, a new cause of action is set up.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Shelby county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the November term, 1908. Reversed and remanded. Opinion filed May 22, 1909.

J. C. & W. B. McBRIDE, for appellant; W. C. KELLY and JOHN RIDGELY, JR., of counsel.

CHAFEE & CHEW and S. S. CLAPPER, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case for the recovery of damages alleged to have been occasioned by the death of Thomas McCray. A trial by jury resulted in a judgment in favor of appellee of $4,500.

The original declaration was filed on November 3, 1905, by Robert McCray, administrator of the estate of Thomas McCray, deceased. It is therein charged that Thomas McCray left him surviving Ethel McCray, his widow, and Waneda McCray, his only child and next of kin, and that by reason of his death they had been deprived of their means of support, to their damage, etc. On November 16, 1907, the plaintiff amended his declaration by inserting after the words "Robert McCray, administrator," the following words: "and sues for the use of Ethel McCray, widow of Thomas McCray, deceased, and Waneda McCray, only child of said Thomas McCray." The defendant then interposed a plea of the statute of limitations to such amended declaration, averring that the cause of action did not accrue to the plaintiff or to the said Ethel McCray and Waneda McCray at any time within

one year prior to the filing of the declaration. A demurrer was filed to said plea and sustained. The amended declaration upon which issue was joined and the cause tried was filed November 27, 1907. It is charged in the several counts thereof that the defendant on June 28, 1905, was operating a coal mine at Moweaqua in Shelby County, Illinois; that Thomas McCray, who was then and there employed by the defendant as a mule driver, was engaged as such in a certain entry in said mine, hauling loaded cars of coal, and riding at his proper place on the front end of the first car; that another train of loaded cars became suddenly stalled immediately in front of that of which he was in charge, whereby he was thrown from the said car, and caught between the rib and car and crushed and killed.

Each of the counts charges that the death of McCray resulted from the wilful failure of the defendant to provide and maintain places of refuge in the entry in question, and in several it is also charged that the defendant wilfully failed to keep the existing places of refuge clear of obstructions, and in others that the defendant permitted dirt to accumulate upon the track. In a number of the counts it is further alleged that at the time of his death McCray was in the exercise of due care and caution for his own safety. While no reference to the statute is made in either count, the duty and wilful failure to provide and maintain places of refuge is set out substantially in the language of the statute relative to mines and miners.

The declaration thus contains some of the essential averments in both actions for negligence at common law and for violation of the Mines and Miners statute. It is reasonable to infer from the absence of reference to the latter statute, the averments of due care on the part of the deceased, and the fact that the suit was instituted by the administrator, that by the original declaration it was sought to invoke the common law remedy for the alleged wrongful act, neglect

or default of the defendant, and that thereafter he sought to amend his declaration so as to state a right of action under the statute.

While the original declaration defectively stated a good cause of action under the Mines and Miners Act, and could have been made a basis of formal amendment so as to have avoided the effect of mere defective pleadings, the substantial and insuperable objection arises that the suit was not brought by and in the name of the widow who if living was the only person authorized by the act to do so. Rev. Stat. 1908, page 1393.

In order to recover in an action for common law negligence it is necessary to prove that the deceased was in the exercise of due care and did not assume the risk as incident to his employment. In an action under the mines and mining statute it is necessary to prove that the proximate cause of the death was the wilful failure of the defendant to comply with some of the provisions of such statute, and the defense of contributory negligence and assumption of risk are unavailing. The two causes of action are therefore radically different. Bradley v. Coal Co., 231 Ill. 622.

It follows that if the effect of the amendments was to change the action from one for common law liability to one for violation of the mining statute, a different cause of action was presented and the court erred in sustaining the demurrer to the statute of limitations. Bradley v. Coal Co., supra.

We are of opinion, however, that the subsequent attempt of the appellee to change the party plaintiff by amending by inserting in the declaration after the words "Robert McCray, administrator," the further words "and sues for the use of Ethel McCray, widow of Thomas McCray, deceased, and Waneda McCray only child of said Thomas McCray" did not operate to change the form of action. The words interpolated were but mere surplusage and added nothing to the declaration. C. & A. R. R. Co. v. Murphy, 198 Ill. 462. "In an action at law by one for the use of another the

words 'for the use of' are unnecessary for any purpose other than to protect the interest of the usee against the nominal plaintiff. Courts of law can only recognize the nominal plaintiff, although as a matter of convenience they will disclose and protect the trust." W. C. St. R. R. Co. v. Lundahl, 183 Ill. 284; C. G. Ry. Co. v. Kriz, 94 Ill. App. 277. The declaration after amendment must thereupon be held to have stated a cause of action for common law negligence merely.

It is difficult to determine from the record whether the cause was tried as an action for the alleged common law or the statutory liability of appellant. Counsel for appellee insist in argument that the declaration as it finally stood sufficiently stated a statutory right of action and that the same was established by the evidence. A number of instructions were given by the court at the request of appellee grounded upon the statute. Under the views herein expressed these instructions have no place in the case and the court erred in giving the same.

The judgment is reversed and the cause remanded.
*Reversed and remanded.*