"All labor on Sunday is prohibited, excepting the works of necessity and charity."

An indictment that charged that a person labored on Sunday, without stating that the work was not of necessity or charity, would not state a crime. Rowell v. Janvrin, 151 N. Y. 60, 45 N. E. 398; People v. Stedeker, 175 N. Y. 57, 67 N. E. 132. And yet the things within the exception furnish an excuse quite as much as does the emergency work in the present statute. I see no occasion for discussing People ex rel. Rodgers v. Coler, 166 N. Y. 1, 59 N. E. 716, 52 L. R. A. 814, 82 Am. St. Rep. 605, in the Appellate Division, or Village of Medina v. Dingledine, 152 App. Div. 307, 136 N. Y. Supp. 786.

The judgment and orders appealed from should be affirmed, with costs. All concur.

---

(158 App. Div. 443.)

### HUGHES v. NEW YORK, O. & W. RY. CO.

(Supreme Court, Appellate Division, Second Department.  September 23, 1913.)

LIMITATION OF ACTIONS (§ 127*)—INJURIES TO SERVANT—ACTIONS—LIMITATIONS.

    Where a railroad conductor died pending an action brought by him for personal injuries under the provisions of the state law, his administratrix could not, after the expiration of two years from the time of the accident, file, as substituted plaintiff, an amended complaint based upon a right of action given by Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65, as amended by Act April 5, 1910, c. 143, 36 Stat. 291 (U. S. Comp. St. Supp. 1911, p. 1322), section 6 of which, as amended, limited actions under that law to those brought within two years from the time the cause of action accrued.

    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543-547; Dec. Dig. § 127.*]

Appeal from Special Term, Orange County.

Action by John F. Hughes against the New York, Ontario & Western Railway Company. From an order of the Special Term, denying an application of Avasta Hughes, as administratrix of the estate of John F. Hughes, to be substituted as plaintiff and to file an amended complaint, the plaintiff appeals. Order affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Benjamin Patterson, of New York City, for appellant.
Elbert N. Oakes, of Middletown, for respondent.

THOMAS, J.  The summons served January 13, 1911, was followed on March 29th by the complaint, which showed that the plaintiff, a conductor, was injured on his train on April 21, 1910. It is alleged that defendant was organized under the laws of this state and "operating a railroad in various parts of" this state "and the state of Pennsylvania, and at the places hereinafter specified," and that at the date of the accident the plaintiff "was in the employ of defendant as a conductor upon a train which was being run by defendant along the line of its railroad near Starlight, in the state of Pennsylvania." Then

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the cause of the accident and the statute of the state of Pennsylvania are pleaded. Issue was joined, but the action had not been tried at the time of the plaintiff's death on February 13, 1912. On October 29, 1913, letters of administration were issued to decedent's widow, and a motion was made in February, 1913, to substitute the administratrix as plaintiff and to permit her to serve an amended complaint, basing the action upon the federal Employers' Liability Act, entitled "An act relating to the liability of common carriers by railroad to their employés in certain cases," passed April 22, 1908, and the amendatory act of April 5, 1910.

The action was not brought under that act, but is specifically based on the common law as modified by the statute of the state. An action under the federal law must be begun within two years from the time the cause of action accrued (section 6), but after nearly three years it is sought to convert the action under the state law into an action under the federal law, thus extending the statute by a substituted cause of action. On April 5, 1910, the federal act was amended so as to provide "that any right of action given by this act to a person suffering injury shall survive," etc. But the right cannot survive the time limited for its exercise, and when the person to whom the right is initially given elects to proceed under the law of the state, the right to proceed under the federal statute is at least dormant, and ceases . after the expiration of the two years. The federal statute is tendered to him who, entitled, chooses to employ it. He may prefer the law of the state, as the injured person did in the present instance. But such law cannot be exploited, and, upon emergency, the action be changed into one under the federal law. There is not a suggestion of fact in the original complaint indicating intention to avail of the federal statute.

The order should be affirmed, with $10 costs and disbursements. All concur.