CURTICE, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*February 1—February 22, 1916.*

*Railroads: Negligence: Injury to employee: Action under state or federal law? Interstate commerce: Pleading: Amendment: Changing cause of action: Limitation of actions: Construction of pleading: Intent of counsel.*

1. In an action by an employee against a railway company for an injury alleged to have been caused by negligence the complaint did not show that at the time of the injury the parties were engaged in interstate commerce. The answer alleged that fact and that the cause of action, if any, was under the federal statute, not under the state law. More than two years after the injury plaintiff was allowed to amend the complaint so as to allege that the parties were engaged in interstate commerce when the injury occurred. Defendant then amended its answer so as to set up the federal statute of limitations. *Held*, that the amendment to the complaint did not change the cause of action or substitute a different one, but related back to the original complaint and cured defects therein; hence the statute of limitations was no defense.

2. A statement, in such case, by plaintiff's counsel that in the original complaint he intended to state a cause of action under the state law is immaterial, the pleading itself not being ambiguous or of doubtful meaning.

3. The answer having set up the facts omitted from the complaint and necessary to perfect the cause of action under the federal statute, defendant was in no way surprised or prejudiced by the amendment of the complaint so as to allege the same facts.

BARNES and VINJE, JJ., dissent.

APPEAL from a judgment of the circuit for Brown county: S. D. HASTINGS, Circuit Judge. *Reversed.*

This action was brought to recover for personal injuries. The original complaint, omitting title, was as follows:

"First. That the defendant is a railway corporation, organized under the laws of the state of Wisconsin; that at all times herein mentioned it owned and operated a line of railway in and through said state and between the cities of Marinette and Green Bay, Wisconsin.

"Second. That at all times hereinafter stated, when injured, plaintiff, a resident of said city of Green Bay, was in the employ and service of defendant as a freight conductor on one of defendant's freight trains operating between said cities; that on the 9th day of October, 1911, while running southerly and about to head in onto the siding at Little Suamico, a station on said line in Oconto county, the defendant's said freight on which plaintiff then was employed as conductor was carelessly and negligently run into by one of defendant's passenger trains following after before the freight had time to pull onto the siding, and plaintiff was injured as hereinafter alleged.

"Third. On information and belief plaintiff alleges that defendant's servants in charge of the said passenger train knew of its presence and that the said passenger was following close after on the same block; that said servants had been warned to that effect by a caution card or notice delivered to them at Pensaukee, a station next north of Little Suamico, providing and directing that they proceed with caution prepared to stop within their vision, and that they might expect to find Extra 116, plaintiff's said freight train, within the

block; that, notwithstanding, defendant's servants in charge and control of said passenger train did not proceed with caution and so as to be able to stop within the vision, but recklessly, carelessly, and negligently run said passenger train at a high and dangerous rate of speed, and so run it against and into the said freight at said place.

"Fourth. That the defendant's servants, the train dispatcher and others, having control of the running of said trains, while the said freight was proceeding south, carelessly and negligently suffered and caused the said passenger train to be let onto the said block with the said freight, thereby causing the said passenger to enter the block and proceed on its way southerly before the block was clear and before the freight had left it, which made it possible and likely that such an accident might happen.

"Fifth. That the said passenger train, by reason of the aforesaid negligence, ran into the said freight with great force and violence, and the plaintiff was, by the said negligence, severely and greatly injured, to wit, plaintiff's left hip and leg were severely sprained and injured; that he was confined to the hospital for some ten days on account thereof and suffered great pain; that said injury has continued, causes the plaintiff pain, and renders him unable to do many kinds of manual labor that he could formerly do; that said injury has caused plaintiff loss and damage in expense for treatment and in loss of time and earnings, still does, and will in the future greatly impair plaintiff's ability to earn a livelihood; all to his damage in the sum of $5,000.

"Wherefore plaintiff demands judgment against the defendant for said sum and for costs."

Among other things the defendant set up facts showing that at the time of injury the plaintiff and defendant were engaged in interstate commerce, and that the cause of action, if any existed, was under the federal act, not under the laws of the state of Wisconsin. Judgment was demanded by defendant abating the action.

Afterwards the plaintiff was allowed to amend his complaint by adding allegations to the effect that defendant's

road runs through the state of Michigan and between the cities of Green Bay, Wisconsin, and Menominee, Michigan, and that plaintiff and defendant were at the time of the injury alleged engaged in interstate commerce. Defendant then amended its answer setting up the statute of limitations.

At the time of the amendment of the complaint two years from the time of the alleged injury had expired. The court below held that the original cause of action was one under the state law, and that the amendment of the complaint set up a cause of action under the federal act and that such action was barred by the two-year statute, and sustained the defendant's demurrer and dismissed the complaint.

The plaintiff appealed to this court from the judgment dismissing the complaint.

For the appellant there was a brief by *Martin, Martin & Martin,* and oral argument by *Gerald Clifford.*

*Edward M. Smart,* for the respondent.

KERWIN, J. The point involved upon this appeal, under the assignments of error, is whether the amended complaint set up a different cause of action than that stated in the original complaint. The contention of the appellant is that there is but one cause of action, and that under the federal act; while on the part of the respondent it is insisted that the original complaint set up a cause of action under the state law, and that the amendment changed it from a cause of action under the state law to one under the federal act.

It is obvious that but one cause of action existed upon all the facts stated in the amended complaint. It is equally obvious that the original complaint was defective in failing to state certain facts going to show that at the time the injury was sustained the parties were engaged in interstate commerce. Nothing stated in the amended complaint was in conflict or inconsistent with the allegations of the original complaint. The cause of action upon which the plaintiff

sought to recover damages was defectively stated in the original complaint and the defects were cured by the amendment. But one cause of action was stated. The amendment related back to the original complaint and became a part of it, hence the statute of limitations was no defense. *Missouri, K. & T. R. Co. v. Wulf,* 226 U. S. 570, 33 Sup. Ct. 135; *Gainesville M. R. Co. v. Vandiver,* 141 Ga. 350, 80 S. E. 997; *Bixler v. Pa. R. Co.* 201 Fed. 553; *Smith v. A. C. L. R. Co.* 210 Fed. 761; *Cincinnati, N. O. & T. P. R. Co. v. Goode,* 163 Ky. 60, 173 S. W. 329; *Vickery v. N. L. N. R. Co.* (Conn.) 89 Atl. 277; *Schieffelin v. Whipple,* 10 Wis. 81; *Callahan v. C. & N. W. R. Co.* 161 Wis. 288, 154 N. W. 449.

Counsel for respondent has favored us with a very able and exhaustive discussion of cases touching the question involved and we confess that there is some lack of harmony in the decisions. We think, however, that most, if not all, of the authorities cited by counsel for respondent can be distinguished from the instant case.

We shall not attempt to discuss the numerous cases referred to by counsel for respondent except two which are particularly relied upon, namely, *Union P. R. Co. v. Wyler,* 158 U. S. 285, 15 Sup. Ct. 877, and *Meinshausen v. A. Gettelman B. Co.* 133 Wis. 95, 113 N. W. 408.

In *Meinshausen v. A. Gettelman B. Co., supra,* there were two causes of action, the amended complaint setting up a new and different cause of action from that set up in the original complaint, therefore the case is not in point.

We think a careful examination of *Union P. R. Co. v. Wyler, supra,* will show that it is clearly distinguishable from the instant case. In the *Wyler Case* the amendment changed not only the cause of action but the nature and substance of the cause of action. The whole discussion in the opinion in the *Wyler Case* goes upon the idea that an entirely new and different cause of action cannot be set up by way

of amendment and thus escape the plea of the statute of limitation on the ground that the new cause of action related back to the time of filing the complaint. But the facts in the *Wyler Case* and the reasoning in the opinion have no application to a case where there is but one cause of action which is defectively stated and the defect cured by amendment.

The learned trial judge below seems to have attached importance to the fact that counsel for appellant stated that he intended to state a cause of action under the state law. We think this statement wholly immaterial. The mental operations of counsel could not create two causes of action where but one existed. The intent of the pleader might be significant or helpful in giving construction to an allegation which was ambiguous or of doubtful meaning. But there is no such question here.

There is another feature of this case which is worthy of notice. When the defendant answered the original complaint it set up the facts which were omitted in the plaintiff's defective complaint and necessary to perfect the cause of action under the federal act and which were afterwards set up by plaintiff in the amendment complained of. The defendant was therefore in no way surprised or prejudiced by the amendment. Doubtless the case could have gone to trial on the pleadings as originally framed and the complaint on the trial amended or treated as amended in accordance with the issues made by the pleadings as originally framed. *Callahan v. C. & N. W. R. Co.* 161 Wis. 288, 154 N. W. 449; *Bieri v. Fonger,* 139 Wis. 150, 120 N. W. 862; *Graber v. D., S. S. & A. R. Co.* 159 Wis. 414, 150 N. W. 489; *Wabash R. Co. v. Hayes,* 234 U. S. 86, 34 Sup. Ct. 729.

As said in *Union P. R. Co. v. Wyler,* 158 U. S. 285 (15 Sup. Ct. 877) at pp. 297, 298, "The whole doctrine of relation rests in a fiction of law, adopted to subserve, and not to defeat right and justice."

We are convinced that the amendment did not introduce a

new cause of action, but cured the defective cause of action originally pleaded, hence the amendment was proper.

*By the Court.*—The judgment is reversed, and the cause remanded for further proceedings according to law.

BARNES, J. (*dissenting*). The original complaint carefully avoided any reference to the federal statute. It contained no allegation tending to show that plaintiff was engaged in interstate commerce when hurt. It shows with considerable care and particularity that he was engaged in intrastate commerce. Had a motion been made to make the pleading more definite and certain in reference to the nature of plaintiff's employment it would have received short shrift, because it was neither indefinite nor uncertain in this regard. If the action had been begun on this complaint in the federal court it would, I think, very promptly have been held that it did not state a cause of action under the federal act. Defendant pleaded as a defense to the action that plaintiff was engaged in interstate commerce when injured. Had plaintiff demurred to this defense the demurrer would, I believe, have been just as promptly overruled, on the theory that such answer, if true, stated a good defense. A perfect cause of action was stated under the law of Wisconsin, while no cause of action was stated under the law of the United States. To be sure, little need be added to the complaint to bring the case under the federal law. The statement of the simple fact that at the time plaintiff was injured he was engaged in interstate commerce would have been all-sufficient. But the pleading of this simple fact would produce important results. Without such allegation the rights of the parties would have to be determined by the existing law in one jurisdiction. With it they would have to be determined by the law of another jurisdiction. The change indicated would work a change from state to federal law, and there are substantial and important differences between them. Under the

state law contributory negligence is a complete defense where the negligence of the defendant is less than that of the servant. If the servant is negligent but his negligence is. less than that of the master, there can be a full recovery. Sec. 1816, Stats. 1911. Under the federal act contributory negligence is not a defense, but affects the amount of recovery. Under the state law assumption of hazard is no defense to such an action as we have here. Under the federal law it is a complete defense. Under the state statute defendant would be liable for the negligence of a fellow-servant when such negligence caused the injury in whole or in greater part. The federal statute is different in verbiage at least. The manner of submitting the two actions is different and the beneficiaries are different. A cause of action includes the facts showing plaintiff's right and its violation by the defendant. *McArthur v. Moffet,* 143 Wis. 564, 128 N. W. 445. Enough has been said to show that a person who is injured by a railway company while engaged in intrastate commerce has different rights and a different cause of action from what he would have, had he been injured while engaged in interstate commerce.

It is true that the plaintiff did not in fact have two causes of action in reference to which he might exercise a right of election. There was only one cause of action, and whether it came under state or federal law depended on the facts. Undoubtedly the pleader in the present case was mistaken as to what the facts were when the complaint was drawn. It was stated on the oral argument by counsel for the appellant that it was supposed that the train on which plaintiff was employed when injured started from Marinette, when as a matter of fact it started from Menominee. Instead of its being an intrastate train it was an interstate train. On the facts before him the able counsel for the plaintiff stated a perfectly good cause of action under the state law, such a cause as he frankly said he intended to state. There is no defect in the

pleading.   It is almost a model.   Counsel found himself in
the position he would have been in had he brought an action
of tort and found when he came to trial that on his evidence
he could only recover on contract; or if he had brought an
action on express contract but found that he could not prove
it and would have to recover on *quantum meruit* if at all.
The cause of action declared on would be different from the
one on which recovery could be had.   Now if a client dis-
closes to his lawyer the facts on which he claims to have a
right of action against some one and such facts would give a
right of action, and the pleader, following the facts as they
have been detailed to him, states a perfectly good cause of ac-
tion in the complaint drawn, I do not believe there is any in-
firmity in the pleading or that it contains a defective state-
ment of a cause of action.   The trouble is with the facts, not
with the pleading.   A cause of action is defectively stated
when some material allegation is omitted therefrom and with-
out which the complaint on its face does not state any cause
of action whatever.   Whether a cause of action is stated, as
well as the nature of the cause of action, must be determined
from an examination of the complaint itself and not from a
consideration of extraneous facts which are not set forth in
the pleading.   It is a contradiction to say in one breath that
a complaint states a good cause of action and in the next to
say that it states a defective cause of action.   Whether it is
one or the other must be determined from the face of the
pleading.   It cannot be that a good cause of action cannot be
set forth in a complaint simply because the party is unable to
prove the necessary facts to establish it.

   In this instance the plaintiff was anxious to bring his case
under the state law and the defendant was desirous that it
should fall under the federal act.   Both were of the mind
that it would be more advantageous for the defendant to have
the case come under the federal law.   This court had decided
that unless the question of the application of the federal law

was raised in some appropriate way before or during the trial, the defendant would be held to have waived the benefit of it. *Leora v. M., St. P. & S. S. M. R. Co.* 156 Wis. 386, 146 N. W. 520. So the defendant to protect its rights here promptly raised the question at the first opportunity by appropriate averments in its answer. Under our Code system of pleading, the allegation stood as denied unless the plaintiff chose to amend his complaint by alleging the same fact. It is said in the opinion of the court that because of this allegation the defendant was in no way surprised or *prejudiced* by the amendment and that the case could have "gone to trial on the pleadings as originally framed and the complaint on the trial amended or treated as amended in accordance with the issues made by the pleadings as originally framed." This is a rather jaunty way to dispose of what will, I think, at least be conceded to be a close question. One of the issues raised by the original pleading was whether the plaintiff was engaged in interstate commerce when hurt. The defendant took the affirmative and the plaintiff the negative of the question. If the defendant prevailed it would be entitled to judgment dismissing the complaint. If plaintiff then brought the proper action the bar of the statute of limitations would be a complete defense. I hardly think the court seriously intends to hold that an amendment which deprives a litigant of the benefit of a statute of limitations is one which in no way prejudices him. Neither do I think that, where a defendant sets up proper defensive matter in an answer which by force of law stands as denied by the plaintiff, the court can thereafter, for the purpose of avoiding a limitation statute, transfer such allegation to the complaint as of the time it was drawn. A defendant should not be made to suffer for drawing a proper pleading. The averment was essential unless defendant was willing to waive the benefit of the federal law. In this case no trap was laid for plaintiff. He was promptly advised of the dangers ahead. He did not heed the warning

given, but because it was given it is held that defendant was not surprised or prejudiced by what was subsequently done. Doubtless the parties could have gone to trial on the pleadings as originally framed. If they did, judgment would have to go for defendant if it prevailed on its contention that the case was within the federal statute. There would be no occasion to amend or treat as amended the original complaint to make it conform to the issues made by the "pleadings as originally framed," because such issues were made up by the original complaint and answer. It seems to me to be rather grasping at straws in this case to say that the complaint is in any way aided or improved by what is alleged in the answer. If defendant sought a continuance on the ground of surprise when the amended complaint was served, a court would say at once that it was not surprised. But there is no claim of surprise. Defendant is relying on a statute of limitation, and such a defense is no longer unconscionable in this state. *Whereatt v. Worth,* 108 Wis. 291, 84 N. W. 441.

I dislike to see the plaintiff lose what may be a meritorious cause of action because of the mistake made here. The question before us is one which arises under the laws of the United States and one on which the federal supreme court has the final say. Its decisions in such cases are not only valuable as precedents, but are binding on this court. If I read those decisions aright, that court has held that where rights are asserted under one law in an original pleading and under another by an amended pleading, in other words, where there is a change from law to law, there is a change of causes of action, and that if a limitation statute has run on the amended cause of action at the time the amendment is made, it is a good defense although it had not run when the action was originally commenced. This is what I think the court decided in *Union P. R. Co. v. Wyler,* 158 U. S. 285, 15 Sup. Ct. 877. This decision was approved in the *Wulf Case*

(*Missouri, K. & T. R. Co. v. Wulf*) 226 U. S. 570, 33 Sup. Ct. 135, where the distinction between it and the case under consideration was clearly pointed out and where it was held, in accordance with the uniform current of authority, that an amendment changing the beneficiary was not a change of causes of action.

In the opinion of the court it is stated that the *Wyler Case* is clearly distinguishable from the present case, because there the amendment changed not only the cause of action but the nature and substance of the cause of action.

I am unable to see any distinction in principle between the two cases. In the *Wyler Case* plaintiff was injured in Kansas and brought a common-law action to recover damages for his injury in the state of Missouri, alleging as a ground of negligence that defendant employed an incompetent fellow-servant who was responsible for plaintiff's injury. Thereafter plaintiff, probably doubting his ability to prove the cause of action stated, amended his complaint by alleging that he was injured through the negligence of a fellow-servant, referring to the same servant who was alleged to be incompetent in the original complaint. The amendment further set forth that the injury occurred in the state of Kansas and that under a statute of that state the master was liable for an injury which occurred through the negligence of a fellow-servant. To this amendment the defendant set up by way of defense that the statute of limitations had run at the time the complaint was amended, and the question and the sole question in the case was whether there was a change of causes of action. The original action, as before stated, was the usual common-law action for negligence. The amended complaint was based on the common law as amended in the particular stated by a statute of the state of Kansas. The court held that there was a change of causes of action because there was a change from law to law.

In the instant case the action was brought under the com-

mon law as amended by the statutes of the state of Wisconsin. Under the amended complaint a cause of action was stated under the common law as amended by the statutes of the United States. It seems to me that there is a change from law to law as much in the one case as there is in the other, and that the doctrine of the *Wyler Case* is fully approved in *Missouri, K. & T. R. Co. v. Wulf,* 226 U. S. 570, 33 Sup. Ct. 135. If I have a correct concept of what has been decided in these two cases, I think they are decisive of the case at bar.

Cases not decided by the federal supreme court do not have the same binding force and effect on this court as do the decisions of that court, but it is entirely germane to the question under discussion to say that the great weight of authority supports the contention here made by the respondent. Among the cases holding that under substantially similar facts the allowance of such an amendment as was here made changes the cause of action stated in the original complaint, and that the defense of the statute of limitations is available as of the time the amendment is made, are the following: *Allen v. T. V. R. Co.* 229 Pa. St. 97, 78 Atl. 34, 30 L. R. A. N. s. 1096; *Bradley v. Chicago-Virden C. Co.* 231 Ill. 622, 83 N. E. 424; *Henderson v. Moeaqua C. M. & M. Co.* 145 Ill. App. 637; *McHugh v. St. Louis T. Co.* 190 Mo. 85, 88 S. W. 853; *Wasson v. Boland,* 136 Mo. App. 622, 118 S. W. 663; *Hall v. L. & N. R. Co.* 157 Fed. 464, affirmed (*Louisville & N. R. Co. v. Hall*) 98 C. C. A. 664; *Wingert v. Carpenter,* 101 Mich. 395, 59 N. W. 662; *Hughes v. N. Y., O. & W. R. Co.* 158 App. Div. 443, 143 N. Y. Supp. 603; *Moliter v. Wabash R. Co.* 180 Mo. App. 84, 168 S. W. 250; *Brinkmeier v. Mo. Pac. R. Co.* 81 Kan. 101, 105 Pac. 221; *Creteau v. C. & N. W. R. Co.* 113 Minn. 418, 129 N. W. 855.

The cases relied on by appellant, with two or three not very important exceptions, are cases where there was a change of beneficiary by amendment. Such a change is held

by nearly all courts not to change the cause of action. In fact I see little difference between the situation presently before the court and that which confronted this court in *Stevens v. Brooks,* 23 Wis. 196; *Meinshausen v. A. Gettelman B. Co.* 133 Wis. 95, 113 N. W. 408; and *Haverlund v. C., St. P., M. & O. R. Co.* 143 Wis. 415, 128 N. W. 273.

Vinje, J. I concur in the foregoing dissenting opinion of Mr. Justice Barnes.