In re **NATIONAL UNDERGROUND CONSTRUCTION COMPANY, INC.,** Debtor (Case No. 82 B 13324).

**S.A. HEALY COMPANY, a corporation for the use of National Underground Construction Company, Inc., Plaintiff-Appellant,**

v.

The **METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO, a municipal corporation, Defendant-Appellee.**

Bankruptcy No. 84 C 2087.

United States District Court, N.D. Illinois, E.D.

July 31, 1984.

Metropolitan Sanitary District of Greater Chicago ("the District") for the construction of underground connecting and collecting structures necessary to tie the District's existing sewer system into the newly built "Deep Tunnel" project. On January 23, 1980, Healy entered into a subcontract with National whereby National agreed to provide certain connecting sewer work. All plans, specifications, requirements and provisions of the general contract were incorporated by reference into National's subcontract. The contract is funded by the Environmental Protection Agency which mandated the inclusion of certain federal procurement provisions relating to "equitable adjustments" in contract price or time for certain changes, differing site conditions, and delays to eliminate dollar contingencies in the bid proposals.

During the course of its work, National encountered adverse subsurface conditions which were not shown in the contract plans or specifications and increased its costs by $171,079.71. Healy presented those claims to the District, all of which were denied. The refusal of the District to make an equitable price adjustment for that portion of the work subcontracted to National gave rise to the filing of National's complaint.

Donald V. O'Brien, Barbara J. Stuetzer, Keevan D. Morgan, O'Brien, O'Rourke, Hogan & McNulty, Chicago, Ill., for plaintiff-appellant.

Allen S. Lavin, Jack Shankman, Chicago, Ill., for defendant-appellee.

## MEMORANDUM AND ORDER

### NICHOLAS J. BUA, District Judge.

S.A. Healy Company ("Healy"), for the use and benefit of National Underground Construction Company, Inc. ("National"), appeals from an order dismissing its complaint entered by Bankruptcy Judge Thomas James in No. 83 A 189 (82 B 13324) (Bankr.N.D.Ill. Jan. 20, 1984). The issue presented on appeal is whether National may bring an action for breach of contract in the name of Healy for the use of National. For the reasons stated herein, the Court concludes that National may not bring a suit in the name of Healy and that the January 20, 1984 order is therefore affirmed.

### FACTS

On October 3, 1979, Healy, as prime contractor, entered into a contract with The

### DISCUSSION

National seeks to bring its action for breach of contract in the name of Healy for the use of National. Under Illinois law, in an action at law by one for the use of another the words "for the use of" are unnecessary for any purpose other than to protect the interests of the use plaintiff against the nominal plaintiff. *McCray v. Mowerqua Coal Min. & Mfg. Co.*, 149 Ill. App. 565 (1909). A party who has the legal right of action may bring his action at law for the use of whatever person he desires. *Atkins v. Moore*, 82 Ill. 240 (1876). A court of law, however, looks only to the legal title and will not regard the use plaintiff as a party. *Northrop v. McGee*, 20 Ill.App. 108 (1886). Thus, although an interested third party may initiate an action between the nominal plaintiff and defendant, that interested party may not sue the

defendant directly nor have judgment rendered in his favor. *People v. Jamison,* 157 Ill.App. 546 (1910). Moreover, an action in use does not circumvent the perennial rule that only a party to a contract or those in privity may enforce the contract. *National Cash Register Co. v. Unarco Industries, Inc.,* 490 F.2d 285 (C.A. 7th Cir.Ill. 1974).

### CONCLUSION

██ National is not a party to the contract between Healy and the District and therefore has no direct action against the District. Since Healy, as nominal plaintiff, has not alleged any injury to itself, there is no cause of action from which benefits could inure to a use plaintiff. Therefore, for the reasons stated herein, the order of the Bankruptcy Court is affirmed.

IT IS SO ORDERED.