BROOM *v.* SOUTHERN RAILWAY IN MISSISSIPPI.

[76 South. 525, Division A.]

STATUTE OF LIMITATIONS. *New cause of action. Action for death. Computation of period. Amendments.*

Where a wife, as administratix of the estate of her deceased husband brought suit for his death within the two years allowed under the federal employer's liability act, and her declaration, though stating a cause of action under the state laws, did not bring her case under the operation of the federal act, an amendment of the declaration to bring the case within the federal employer's liability act (Act Cong., April 22, 1908, C. 149, 35 Stat.

U. S. Comp. St. 1916, sections 8657-8665), by alleging that the injury resulting in the death of plaintiff's intestate occured while the parties were engaged in interstate commerce, instead of intrastate commerce, did not constitute a new cause of action, barring the suit under the limitations of two years and such amendment was properly allowed.

Appeal from the circuit court of Lowndes county. Hon. T. B. Carroll, Judge.

Suit by Mrs. Ida K. Broom against the Southern Railway in Mississippi. The court overrules plaintiff's demurrer to defendant's plea of the statute of limitations and plaintiff appeals.

The facts are fully stated in the opinion of the court.

*James T. Harrison,* for appellant.

Amendments: 25 Cyc., page 1305, "Amendment to Pleadings." "An amendment of a declaration, petition, or complaint which sets up no cause of action or claim and makes no new demand relates back to the commencement of the action, and the running of the statute against the claim so pleaded is arrested at that point." (The note, No. 61, relates to many U. S. authorities and to many state authorities). In fact this principle is recognized to such an extent that it has become elementary; to hold to the contrary would be to abolish section 775 of our Code and the numerous Supreme court decisions on that subject. Our law favors amendments to such an extent as to make them matters of right, for their purpose is a perfect pleading. Appellee takes the contrary view and says that they destroy them.

This principle is well set out in *Greenwood Grocery Co.* v. *Bennett et al.,* in *haec verba.* "The courts of law are organized for the purpose of trying causes on their merits, and only in exceptional cases should the trial court refuse to permit amendments of pleadings or preceedings." Yet, in this cause the amendment was

invited into the temple of justice by suggestion of appellee, only to have it thrown out at the alter, as an intruder.

This amendment "set up no cause of action or claim and made no new demand." So it relates back to the commencement of the action.

In *Hardie* v. *Bulge*, 66 Miss. 577, 6 So. 186, the court says: "A different state of facts from these averred in the bill may be set up by way of amendment, if the character of the relief sought remains the same and this, notwithstanding the averments in the amendments are inconsistent with these of the original bill; provided they are not inconsistent with its purpose and the relief originally sought."

This goes much further than we ask for especially in view of the fact that appellee plead the objection that necessitated the amendment. In Corpus Juris, "A to Adult" page 1159 we find as follows: "In Federal Courts." The Federal courts will follow the practice of the state where the action is brought, in determining when the action is commenced (except with regard to suits in equity and in admiralty) and note "11" to this section of text 410 cites quite a number of authorities, several being federal. Section 413 on said page says: "Effect of Amendment." And amended declaration or complaint which does not introduce a new cause of action relates back to the original commencement of the action," (its note (20) cites quite a number of authorities, all federal) "and cannot be considered as the beginning of a new action as of the date of the amendment." (Note 21 cites quite a number of authorities, mostly federal.) This is sconclusive, for any other interpretation would be like the monkey "far fetched and full of nonsense."

Same authority says that "In Mississippi," "The action shall be considered to have been commenced at the time of the filing of the declaration if summons is issued thereon." (page 1158.)

25 Cyc., page 1020, under action of tort says: "The rule in favor of the *lex fori,* in determining what law governs as to the limitations of actions, applies to actions for torts, as for instance, actions for damages for personal injuries." (Within a number of references in notes 80 & 71.)

This very case except as to name, etc., has recently been decided by the supreme court of Wisconsin in the cause of *F. E. Curtice, Appellant,* v. *Chicago & Northwestern Railway Company, Respondent,* Reported in L. R. A., 1916D., page 316.

The plaintiff sued it as an intrastate railway within the two years. Defendant plead interstate traffic; Plaintiff, amended in that respect. The two years had passed before amendment; defendant demurred, which was sustained by the lower court—all of whch happened in this case.

The supreme court of Wisconsin reversed it (as we hope for in this instance). The court said: "The point involved upon this appeal, under the assignments of error is whether the amended complaint set up a different cause of action than that stated in the original complaint. The contention of the appellant is that there is but one cause of action under the state law, and that under the federal act, while on the part of the respondent it is insisted that the original complaint set up a cause of action under the state law, and that the amendment changed it from a cause of action under the state law to one under the federal act. It is obvious that but one cause of action existed upon all the facts stated in the amended complaint. It is equally obvious that the original complaint was defective in failing to state certain facts going to show that at the time the injury was sustained, the parties were engaged in inter-state commerce. Nothing stated in the amended complaint was in conflict or inconsistant with the allegations of the original complaint. The cause of action upon which the plaintiff sought to recover dam-

ages was defectively stated in the original complaint, and the defects were cured by the amendment. But one cause of action was stated. The amendment related back to the original complaint and became a part of it; hence the statute of limitation was no defense to it, quoting from *Missouri, K & T. R. Co.* v. *Wulf,* 226 U. S. 570, 57 L. Ed. 355, 33 Sup. Ct. Pep. 135, Ann. Cas. 1914B, 104; *Gainsville Midland R. Co.* v. *Vandiver,* 141 Ga. 350, 80 S. E. 997; *Bixler* v. *Pennsylvania Co.* (D. C. ), 201 Fed. 553, *Smith* v. *Atlantic Coast Line R. Co.,* 127 C. C. A. 311, 210 Fed. 761, *Cincinnati N. O. & T. P. R. Co.* v. *Goode,* 163 Ky. 60, 173 S. W. 229; *Vickery* v. *New Lenden Northern R. Co.,* 87 Conn. 634, 89 Atl. 277; *Schieffelin* v. *Whipple,* 10 Wis. 288 154 N. W. 449. And again, ''There is another feature of this case which is worthy of notice. When the defendant answered the original complaint, it set up the facts which were omitted in the plaintiff's defective complaint and necessary to perfect the cause of action under the Federal act, and which were afterwards set up by plaintiff in the amendment complained of the defendant was therefore in no way surprised or prejudiced by the amendment. Doubtless the case could have gone to trial on the pleadings as originally framed, and the complaint on the trial amended in accordance with the issues made by the pleadings as originally framed.'' *Callahan* v. *Chicago & N. W. R. Co.,* 161 Wis. 288, 154 N. W. 449; *Bieri* v. *Fonder,* 139 Wis. 150, 120 N. W. 862; *Gerber* v. *Duluth S. S. & A. R. Co.,* 159 Wis. 414, 150 N. W. 489; *Wabash R. Co.* v. *Hayes,* 234 U. S. 86, 58 L. Ed. 1226, 34 Supt. Ct. Pep. 729, 6 N. C. C. A. 224. As said in *Union O. R. Co.* v. *Wyler,* 158 U. S. at pp. 297, 298, 39 L. Ed. 990, 991, 15 Sup. Ct. Rep. 882: ''The whole doctrine of relation rests in a fiction of law, adopted to subserve, and not to defeat, rights and justice.'' ''We are convinced that the amendment did not introduce a new cause of action, but cured the defective cause of action originally

pleaded; hence the amendment was proper." "The judgment is reversed, and the cause remanded for further proceedings according to law."

To show that the case above quoted and the one at bar are twins both as to law and fact, we quote the statement of the former to wit: "Among other things, the defendant set up facts showing that at the time of injury the plaintiff and defendant were engaged in intersate commerce, and that the cause of action, if any existed, was under the Federal act. (Act April 22, 1908, chap. 149, 35 Stat. at L. 65; U. S. Comp. Stat. 1913, 865-8655). Not under the law of the state of Wisconsin, judgment was demanded by defendant abating the action."

Afterwards the plaintiff was allowed to amend his complaint by adding allegations to the effect that defendant's road runs through the state of Michigan, and that plaintiff and defendant were at the time of the injury alleged, engaged in interstate commerce. Defendant then amended its answer, setting up the statute of limitations. At the time of the amendment of the complainant, two years from the time of 'the alleged injury had expired. The court below held that the original cause of action was one under the state law, and that the amendment of the complaint set up a cause of action under the federal act, and that such action was barred by the two-year statute, and sustained the defendant's demurrer and dismissed the complainant. The plaintiff appealed to this court from the judgment dismissing the complaint. This case was decided February 22, 1916, hence is the latest of which we have knowledge.

The supreme court of the United States made its latest deliverance on this subject in the case of *Missouir, Kansas & Texas Railway Company,* v. *Wolf,* Supreme Court Reporter (National Reporter System) 226-230, Vol. 33 pages 135-138 to wit: As the summary of H. D. Miner in his pamphlet, "The federal Employ-

ers' Liability Act" reprinted from the Virginia Law
Review for December, 1913, is to the point, we quote it.
Where the action is commenced by a relative of the
decedent in his individual capacity to recover under
the state statute, but the facts stated show a case under
the federal act, the court may, and ordinarily should,
allow an amendment so as to substitute the personal
representative of the decedent as plaintiff, and this
may be done although the statutory period of two years
may have elapsed since the death of the decedent.
Such an amendent does not state a new cause of action.
"This case is cited by him as to above. The court says
(See page 137): "Nor do we think it was equivalent
to the commencement of a new action, so as to render
it subject to the two years' limitation prescribed by section
6 of the Employers' Liability Act. The change was in
form rather than in substance. (The case at bar does
not even go that far). Citing *Stewart* v. *Baltimore &
O. R. Co.,* 168 U. S. 445, 42 L. Ed. 537, 18 Sup. Ct.
Rep. 105. It has introduced no new or different cause
of action, nor did it set up any different state of facts
as the ground of action (neither does this) and there-
fore it related back to the beginning of the suit, citing,
*Texas & P. R. Co.* v. *Cox,* 145 U. S. 593, 603, 36 L. Ed.
829, 832, 12 Sup. Ct. Rep. 905; *Atlantic & P. R. Co.* v.
*Laird,* 164 U. S. 393, 395, 41 L. Ed. 485, 486, 17 Sup. Ct.
Rep. 120; See also *McDonald* v. *Nebraska* 41 C. C. A.
278, 101 Fed. 171, 177, 178; *Patille* v. *Allen-West Comm-
ission Co.,* 65, C. C. A. 508, 131 Fed, 680; *Reardon* v. *Bal-
aklala Counsel Cooper Co.,* 193 Fed. 189. Reliance is
placed by plaintiff in error upon *Union P. R. Co.* v.
*Wyler,* 158 U. S. 285, 39 L. Ed. 983, 15 Sup. Ct. Rep.
877," etc. *Michigan C. R. Co.* v. *Vreeland,* 227 U. S.
59, 69, 70, 57 L. Ed. 417, 421, 422, 33 Sup. Ct. Rep. 192,
Ann. Cas. 1914C. 176; *Winfree* v. *Northern P. R. Co.,*
227 U. S. 296, 57 L. Ed. 518, 33 Sup. Ct. Rep. 273; *Am-
erican R. Co.* v. *Dickerson,* 227 U. S. 145, 149, 57 L. Ed.
456. 457, 33 Sup. Ct. Rep. 350, 6 N. C. C. A. 436.

The leading english case on the subject is *Murry* v. *East India Co.,* 5 Barn. & Ald. 204, 24 Revised Rep. 325, which has been very generally followed in this country. *Richard* v. *Maryland Ins. Co.,* 8 Cranch. 84, 3 L. Ed. 496; *Murry* v. *East India Co., Supra; Bucklin* v. *Ford,* 5 Barb. 393; *Cary* v. *Stephenson,* 2 Salk. 421; *Davis* v. *Garr,* 6 N. Y. 124, 55 Am. Dec. 387; *Levering* v. *Rittenhouse,* 4 Whart, 130, per NELSON, J.; *Wennman* v. *Mohawk Ins. Co.,* 13 Wend. 267, 28 Am. Dec 464; *Jeliffe* v. *Pitt,* 2 Vern. 694; *Douglas* v. *Forrest,* 4 Bing 686, 1 Moore 7, p. 663, 6 L. J. C. P. 157, 29 Rev. Rep. 695; *Benjamin* v. *Degroot,* 1 Denie 155; *Collier* v. *Goessling,* 87 C. C. A. 506, 160 Fed. 604, 611; *Fulenweider's case* 9 Ct. Cl. 403.

For other authorities considering the statute of limitations as applied to a contract right maturing after death see the following: *Andrews* v. *Hartford & N. H. R. Co.,* 34 Conn. 57; *Hobart* v. *Connecticut Turn. Co.,* 15 Conn. 145; *Ewell* v. *Chicago & N. W. R. Co.,* 29 Fed. 67; *Crape* v. *Syracuse,* 183 N. Y. 395. 76 N. E. 465; 19 Am. Neg. Rep. 429; *Barnes* v. *Brooklyn,* 22 App. Div. 520, 48 N. Y. Supp. 36; *Everitt* v. *Everitt,* 41 Barb. 393; *Dunning* v. *Ocean National Bank* 6 Lans. 297, 61 N. Y. 497, 503, 19 Am. Rep. 293; *Sanford* v. *Sanford,* 62 N. Y. 553, 555; *Halsey* v. *Reid,* 4 Hun. 778 and *Cohen* v. *Hymes,* 64 Hun. 56, 18 N. Y. Supp. 571, in *Louisville & N. R. Co.* v. *Sanders,* 86 Ky. 259, 5 S. W. 563.

## Summary.

When we consider that the plaintiff was prevented from bringing suit by the fraud of defendant (which is not denied) and that they delayed pleas until it had to get into court by affidavit, and set up a state of facts that could not be known to plaintiff and thereby claimed the benefit of the federal act when it was only an intrastate railway, and set up the statute of limitations on a mere amendment (acknowledging, simply because it was a matter of record and therefore could not be denied,

that the declaration was filed in time), and set the time of its beginning both from the time of injury and also death, thus absolutely ignoring the administration which the act it invoked made imperative for the bringing of the suit; we are reminded of a sign that hung over a blacksmiths' shop, which read thus: "All kinds of turning, twisting and screwing done here."

*T. C. Catchings,* for appellee.

Inasmuch as the question arises as to whether the amended declaration by which the plaintiff seeks to recover damages for the benefit of the widow and children of the decedent by virtue of the Employers' Liability Act, presents a different cause of action from that set out in the original declaration, which sought recovery based upon section 721 of the Mississippi Code of 1906, as amended by the Law of 1912, it may be well at the outset to ascertain the definition made by the authorities of the term "cause of action."

In 1 Cyc., 543, it is said: "Nor is the term, cause of action, to be confounded with the terminology relating to the remedy, such as 'suit,' 'action,' 'cause,' and the like. The cause of action is the right to be enforced or the injury to be redressed; the action or remedy is the means which the law has provided whereby such enforcement or redress may be effected." 5 Am. & Eng. Ency. of Law, 776; *Read v. Brown,* 22 Q. B. Div. 128; *Hutchinson v. Ainsworth,* 73 Cal. 452, 15 Pac. 82; *Togers v. Association,* 17 S. C. 406.

It is shown by the original declaration that the railway company and decedent were engaged in intrastate commerce, and damages were claimed, compensatory and punitive, for the wrongful killing of the decedent by the gross, willful and wanton negligence of the said defendant railroad corporation.

Inasmuch as punitive damages are not allowable under the federal Employers' Liability act, this allegation in

connection with that, that the railway company and decedent were engaged in intrastate commerce when the latter lost his life, make it clear beyond question that the purpose was to enforce a cause of action created by the law of the state of Mississippi.

If the suit had gone to trial upon this declaration, in order to entitle the plaintiff to recover, it would have been essential to show that the railway company and the decedent were engaged in intrastate commerce, inasmuch as the Law of 1912 only creates a cause of action for wrongful death, resulting from negligence in the conduct of intrastate commerce. If the suit had gone to trial under the original declaration, and if the proof had shown that the death was caused by gross and willful negligence, recovery might also have been had for punitive damages in addition to compensatory damages.

And in estimating compensatory damages under the Mississippi statute the plaintiff would have been entitled to recover in addition to pecuniary damages suffered by the beneficiaries, whatever sum the decedent might have recovered as the present value of his own expectancy. *Telephone, etc., Co.* v. *Anderson*, 89 Miss. 744.

The declaration, as amended, based the claim for recovery upon the federal Employers' Liability Act, and accordingly alleged that the decedent and the railway company were engaged in interstate commerce when the wrong was inflicted. The cause of action created by the Employers' Liability Act is very different from that created by the Mississippi statute.

Thus it will be seen that the cause of action set out in the original declaration is entirely different from that set out in the amended declaration.

It was essential to maintain the amended declaration to prove that the decedent and the railroad company were engaged in interstate commerce when the wrong was inflicted, which resulted in the death of the decedent. No such proof was required to be made to support the original declaration.

The cause of action under both statutes is different from the right of action of the remedy provided by them whereby such enforcement or redress might be effected. The cause of action under both statutes included, as stated in the authorities above cited, every fact which it would be necessary for the plaintiff to prove if traversed in order to support his right to the judgment of the court.

The opinion of the supreme court in *U. Pac. R. Co.* v. *Wyler,* 158 U. S. 285, is illuminating upon this point. The original declaration, propounded a cause of action created by the statute law of Mississippi.

The amended declaration propounded a cause of action created by the Employers' Liability Act. Thus we have a clear departure from law to law. The cause of action propounded in the amended declaration is entirely new and distinct from that propounded in the original declaration. That the facts set out in the original declaration and those set out in the amended declaration may be the same does not affect the question, because there still remains a departure as the supreme court defines, it, "from law to law." The amendment to the declaration cannot relate back to the filing of the original declaration. This is made clear by the opinion of the supreme court which has been so freely quoted. It is there expressly declared that where the cause of action relied upon in the amendment is different from that originally asserted, the reason of the rule that an amendment relates back to the time of the filing of the original petition, so that the running of the statute of limitations against the amendment is arrested thereby, does not apply.

The case of *Missouri, Kansas & Texas R. Co.* v. *Sallie C. Wulf,* 226 U. S. 570, cited by counsel does not conflict at all with the Wyle case, and is no authority for the contention that the amendment to the declaration did not present a new cause of action, and that it, therefore, re-

lated back to the filing of the original declaration and so eliminated the bar of the two-year statute.

That the cause of action pleaded as the result of the amendment was different from that pleaded in the origin‹ al declaration is made plain by the language of the supreme court in *St. L., S. F.. & T. R. Co.* v. *Seale,* 229 U. S. 156. After a full statement of the proceedings which lead up to the trial, the court said:

"When the evidence was adduced it developed that the real cause was not controlled by the state statute but by the federal statute. In short, the case pleaded was not proved and the case proved was not pleaded."

The case of *U. P. R. Co.* v. *Wyler,* above referred to, was discussed with approval in *Hall* v. *L. & N. R. Co.,* 157 Fed. 464; *Howard* v. *Ill. Cent. R. Co.,* 270 U. S. 25, L. Ed. 306; *A. K. & N. R. Co.* v. *Hooper,* 92 Fed. 820; *Whalen* v. *Gordon,* 95 Fed. 305; *St. L. & S. F. R. Co.* v. *Loughmiller,* 193 Fed. 697; *U. Pac. R. Co.* v. *Wyler,* 158 U. S. 293; *Lilly* v. *Charlotte C. & A. R. Co.* (S. C.), 10 S. E. 932; *C. B. & L. R. Co.* v. *Jones,* 37 N. E. 258; *Eylenfeldt* v. *Illinois Steel Co.* (Ill.), 46 N. E. 267; *Allen* v. *Tuscorora Valley R. Co.,* 78 Atl. 34; *Curtice* v. *Chicago & N. W. R. Co.* (Wis.), 156 N. W. 484.

The next question presented in the case at bar is as to when the right of action accrued. That is to say, did it accrue only when the administrator was appointed? If it accrued upon the death of the decedent, the right of action was clearly barred.

This necessarily involves a construction of the Employers' Liability Act, in so far as it provides that such a suit as the case at bar shall be brought within two years from the day the cause of action accrued. This is the language of the statute: "No action shall be maintained under this act unless commenced within two years from the day the cause of action accrued."

In considering this question the following excerpt from the opinion in the case of *Atlantic Coast Line R. Co.* v. *Burnett,* 239 U. S. 199, 60 L. Ed. 227, is applicable:

"In dealing with the enactments of a paramount authority such as Congress has within its sphere, over the state, we are not to be curious in nomenclature if Congress has made its will plain, nor to allow substantive rights to be impaired under the name of procedure."

The language was used in holding that an action in a state court founded upon the Employers' Liability Act must fail where the record shows that it was not begun until the time had elapsed after which no action could be maintained, although defendant did not raise the objection in his pleadings.

In considering this question it must be borne in mind that the liability and the remedy under the Employers' Liability Act being created by the same statute, the limitation of the remedy is necessarily, a limitation of the right. *Vaught* v. *Va. & S. W. R. Co.* (Tenn.), 179 S. W. 314; *Rodman* v. *Mo. Pac. R. Co.* (Kan.), 70 Pac. 642; *Morrison* v. *B. & O. R. Co.*, 40 App. (D. C.), 391; Tiffany on Death by Wrongful Act, sec. 121; Thornton on Federal Liability & Safety Appliance Act, (2 Ed.), sec. 114; 8 Am. & Eng Ency. 875.

There are many cases holding that in cases of death by wrongful act, the right of action accrues upon death, a few of which will be indicated: *Carden* v. *L. & N. R. Co.* (Ky.), 30 S. W. 1027; *C. & O. R. Co.* v. *Kelly's Admr.* (Ky.), 48 S. W. —; *Van Vactor's Admr.* v. *L. & N.* (Kv.), 66 S. W. —; *Louisville, Evansville & St. L. R. Co.* v. *Geo. Clarke, Executor of Augustine Clark, Deceased,* 152 U. S. 230, 38; L. Ed. 422; *Havana* v. *Jeffersonville R. Co.*, 32 Ind. 113; *Tynan* v. *Walker* (Cal.). 95 Am. Dec. 159; *Best* v. *Town of Kinston* (N. C.), 10 S. E. 997; *Lindsay* v. *Chicago, R. I. & P. R. Co.* (Okla.), 155 Pac. 1173; *Winfree* v. *N. Pac. R. Co.*, 173 Fed. 67; *Partee* v. *St. L. & S. F. R. Co.*, 204 Fed. 970; *Bixler* v. *Pac. R. Co.*, 201 Fed. 553.

It is respectfully submitted that the overwhelming weight of judicial opinion is to the effect that the amendment of the declaration set up a different cause of action, and that the amendment did not relate back to the filing

of the original declaration so as to arrest the limitation prescribed by statute.

Also that in case of wrongful death, a right of action, under the Employers' Liability Act, accrues when the death occures and not upon the appointment of the administrator.

The ruling of the learned judge it is submitted, was entirely correct, and the judgment below should be affirmed.

Holden, J., deivered the opinion of the court.

On June 19, 1915, the appellant, Mrs. Ida K. Broom, as administratrix of the estate of her deceased husband, John W. Broom, instituted suit against the appellee railway company in the circuit court of Lowndes county on behalf of herself, as widow and for the surviving children, who were named in the declaration. The declaration states a cause of action under the state law. Acts 1914, page 281. The declaration complains that the husband of appellant was an engineer in the employ of the appellee railway company, and while on duty was injured through the negligence of a fellow servant, from which injury he died. It also states that the appellee railway company is an intrastate railroad, and proceeds upon the theory of recovery of damages under the state law. It appears that the injury to the deceased engineer occurred in June, 1913, and he died in August, 1913. On September 16, 1915, the appellee railway company gave notice that it would prove that at the time of his injury Mr. Broom was an employee of the railway company and was engaged in interstate commerce. Following this notice, on September 20, 1915, the appellant by leave of court amended her declaration by alleging that, at the time Mr. Broom received the injury which resulted in his death, he and the appellee railway company were engaged in interstate commerce. To this amended declaration the appellee railway company pleaded the statute of

limitations of two years under the federal act, to which plea the appellant demurred, and when the court overruled the demurrer, the appellant declined to plead further, and prosecuted this appeal here.

The only question presented for our review and decision is whether the cause of action under the amended declaration was barred by the two-year statute of limitations under the federal Employers' Liability Act. It will be observed here that the only amendment made to the original declaration was the allegation that the injury occurred while the parties were engaged in interstate commerce, instead of intrastate commerce. This amendment did not present a new or different statement of facts upon which the action was based, but merely amended the declaration, so as to come within the operation of the federal Employers' Liability Act, instead of the state law. The allegations contained in the original declaration did not support a cause of action under the federal law, but the amendment is not inconsistent with the purpose and relief originally sought by the declaration. It appears, therefore, that the amendment did not constitute a new cause of action, inconsistent with that set forth in the original declaration. The amendment was properly allowed by the lower court. It was not the beginning of a new action; but the suit should be treated as having been commenced at the time of the filing of the original declaration, which was done within the two years allowed in such cases. The demurrer to the plea of statute of limitation filed by the appellee in the lower court should have been sustained; and for this error the judgment of the lower court is reversed and the case remanded. *Curtice v. Railway Co.*, 162 Wis. 421, 156 N. W. 484, 1916D, p. 316; *M., K. & T. Ry. Co.* v. *Wulf*, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134.

*Reversed and remanded.*