Higgins *v.* Com. C. & C. Co. et al., Appellants.

2

Argued April 14, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige and Parker, JJ.

*Harold J. Boulton,* and with him *Harry J. Nesbit* and *Murray Peelor,* for appellant, cited: Wooley v. E. M. Wichert Co. et al., 275 Pa. 167.

*Henry I. Wilson,* and with him *Jack & Jack,* for appellee, cited: Johnston v. Jeddo Highland Coal Co., 99 Pa. Superior Ct. 94.

OPINION BY CUNNINGHAM, J., July 14, 1932:

This appeal is by an employer and its insurance carrier from a judgment entered upon an award by the Workmen's Compensation Board to an injured employe of compensation for total disability. The right of the employe to receive compensation for an accidental injury suffered in the course of his employment with the defendant is not disputed; the controverted question is whether he is entitled to compensation under paragraph (a) of Sec. 306 of our Workmen's Compensation Law for total disability and for a possible period not exceeding five hundred weeks, or only under paragraph (c) of that section for the disability resulting from the permanent loss of the use of his right foot (not constituting total disability) and for the definite period of one hundred and fifty weeks as specified in that paragraph.

As the record is somewhat complicated, a chronological statement of the various proceedings had before the compensation authorities and the court below may help to clarify the issue.

On September 3, 1926, Joseph Higgins, employed by Commonwealth Coal and Coke Company to load mine cars, suffered a compound, comminuted, fracture of the tibia of his right leg through the derailment of a mine car. An open agreement for the payment of compen-

sation for total disability, at the rate of $12 per week from September 13, 1926, was executed.

On November 12, 1928, his employer petitioned the board for a modification of this agreement upon the ground that the employe's disability had by that time "resolved itself into the permanent loss of use of the right foot," thereby bringing his case under paragraph (c) of Sec. 306 and limiting the obligation of the company to payment of the weekly allowance for a definite period of one hundred and fifty weeks from September 13, 1926, i. e., until July 28, 1929. The compensation authorities dismissed this petition December 15, 1928, after a hearing on the merits, and directed that payments be continued under the agreement. The reason for the dismissal of the petition was thus stated by the referee: "The testimony of the medical witness was to the effect that claimant's leg was still draining pus and that small fragments of bone were taken out through the open wound from time to time. Claimant is not able to put the weight of his body on the injured leg but gets around by the aid of two crutches. There is also some atrophy in the muscular tissue above claimant's knee. The medical witness further testified that nothing further could be done surgically, and that so long as the osteomyelitis was present the foot would discharge, also that there is a possibility that the condition may get worse and extend beyond the knee and involve the whole leg."

This action was not contested by the company, but on March 5, 1929, it presented its second petition for the same modification of the original agreement upon the same ground. Claimant answered that his disability was, at that time, "more than the loss of the use of right foot" and that he was "totally disabled as a result of his injuries." Testimony was taken and the doctors, called respectively by claimant and defendant, disagreed upon the question whether the disability

amounted to more than the industrial loss of the use of claimant's foot; a third physician examined him, at the request of the referee, and testified that in his opinion claimant's disability amounted only to the loss of the use of his foot.

Under date of April 9, 1929, the referee made the following order: "In view of the foregoing facts it is hereby ordered and directed that the agreement be modified as of September 13, 1926, [its date] to provide for compensation for a period of one hundred and fifty (150) weeks at the rate of twelve dollars ($12) per week in the total amount of eighteen hundred dollars."

Within ten days, claimant appealed from this so-called order of the referee to the board; the disposition of his appeal was delayed by the board until August 10, 1929, when the action of the referee was affirmed. The basis for the board's conclusion is found in the last paragraph of the opinion written by its chairman: "The injury having been below the knee, and the resultant disability being caused by the condition of the claimant's leg below the knee, he is not entitled to compensation for any disability except for the loss of the use of his right foot, under Sec. 306 (c) of the Workmen's Compensation Act of 1915. This is the amount awarded him by the referee and we can find no error in his disposition of the case."

One of the circumstances giving rise to some of the complications in this case is the fact that the period of one hundred and fifty weeks expired July 28, 1929, while claimant's appeal was pending before the board.

Claimant might have appealed to the common pleas from this action of the board; he did not do so, but after the time for an appeal had expired, viz., on November 12, 1929, filed with the board his petition reciting that the original agreement had been terminated at the expiration of one hundred and fifty weeks from its date

—September 13, 1926—and praying for its reinstatement upon the ground that subsequent to its termination his disability had recurred and was then "total and permanent."

This petition was not disposed of upon its merits. Although the referee found from the testimony taken in support of it "that claimant's disability is greater than the loss of the right foot, and the original injury has affected his entire body, causing a derangement of the nervous system, which condition prevents him from engaging in any gainful occupation," the petition was dismissed upon the technicality that it had not been filed within the one hundred and fifty weeks' period and the board, on May 27, 1930, affirmed this action of the referee.

We are unable to agree with the procedure and conclusions of the compensation authorities subsequent to the action upon claimant's petition of November 12, 1929; nor can we adopt the reasoning of the court below in support of its judgment. By slightly different routes the board and court each arrived at the conclusion that claimant was entitled to compensation for total disability under paragraph (a) of Sec. 306.

The final result was the entering of a judgment by the common pleas on January 30, 1932, in favor of claimant "in the sum of one thousand five hundred and seventy and 28/100 dollars ($1,570.28), being compensation at the rate of $12 per week for the period from July 29, 1929, [the end of the one hundred and fifty weeks' period and up to which date compensation had been paid] to and including this date, January 30, 1932, (130 6/7 weeks); and compensation thereafter at the rate of $12 per week until there has been a change in claimant's disability, or until it entirely ceases, or until he will have been paid the maximum amount of compensation for such disability according to the act."

This appeal is from that judgment and as we have concluded that the record must go back, we shall endeavor to indicate the errors of the board and court below which necessitate its return. It may well be that under the medical and other testimony already in the record, or which may be hereafter taken under the disposition we shall make of this appeal, the claimant will be entitled to an award for total disability, upon the ground that other organs and parts of his body have been so affected by the injury to his leg that he is suffering a disability separate and distinct from that which normally follows from the amputation, or permanent loss of the use, of a foot, i. e., that he is totally disabled. See Lente v. Luci, 275 Pa. 217. We need not consider that matter now; it involves questions of fact which are primarily for the compensation authorities.

The present difficulty is that the procedure by the board has, in our opinion, been so far in excess of its powers that we may not ignore its error, and we also think the court below should have sustained the employer's exceptions to the action of the board hereinafter mentioned.

The various errors were largely due to a failure to recognize, and thereafter treat, the order of the referee of April 9, 1929 (affirmed by the board August 10, 1929) for what it clearly is—a definitive "award" of compensation for one hundred and fifty weeks, under paragraph (c). That order transformed the original open agreement into a definite award under paragraph (c) and was so understood by the board, as then constituted, as appears from the paragraph of its opinion which we have quoted.

Within the prescribed period, claimant appealed to the common pleas from the subsequent order of the board of May 27, 1930, affirming the action of the referee in dismissing his petition of November 12,

1929, as having been filed too late; the court on March 16, 1931, remitted the record to the board, under the third paragraph of Sec. 427, for more specific findings as to the date, nature and character of claimant's disability, and whether the final receipt given for the last payment made by the employer on July 28, 1929, in accordance with the award of April 9, 1929, "was founded upon mistake of law or of fact."

A further hearing was then ordered by the board and additional medical testimony was taken. It is indicated in the opinion, filed by the board on October 19, 1931, that a change in the personnel of the board had occurred by the time the record was remitted for more specific findings; but, as remarked by KELLER, J., in Tignor v. Allen and Garcia Co. et al., 106 Pa. Superior Ct. 49, "just as in the case of a court, the work of the board goes on irrespective of changes in its personnel."

Instead of following the directions of the court, making specific findings upon the questions submitted, and returning the record to the common pleas, where the appeal was still pending (Driscoll v. McAlister Bros., 294 Pa. 169), the board went much farther and, we think, exceeded its powers under the reference. In an opinion, written by one of its members and concurred in by the others, it held that the award of April 9, 1929, was "contrary to law" because the evidence, as it construed it, did not sustain a finding that the injury had resolved itself into the loss of the use of the foot, and concluded that the action of the former members of the board, in so holding, was, therefore, a mistake both of fact and of law. The board further held that "it was a mistake of law" to consider claimant's petition of November 12, 1929, as filed under the second paragraph of Sec. 413; that, on the contrary, it should have been considered as filed under Sec. 434, providing for the setting aside of final receipts, and

also under the first paragraph of Sec. 413, providing for the review, modification or setting aside of agreements; and that, as neither Sec. 434 nor the first paragraph of Sec. 413 is affected by the limitation as to time contained in the second paragraph of Sec. 413, their predecessors erred in deciding that claimant's petition of November 12, 1929, had not been filed in time. The opinion then states that the receipt for the last payment of compensation on July 28, 1929, was founded upon a mistake both of law and of fact and should be set aside. Formal findings of fact and conclusions of law were made, followed by an order restoring the original agreement to "full force and effect as of July 28, 1929." There is no authority in the act for such procedure upon the part of the board when a record has been remitted to it merely for more specific findings of fact. Moreover, this case, as we view it, does not involve any question of an agreement, or of a final receipt, which might possibly be considered as having been founded upon a mistake of law or fact. Assuming that a receipt was given for the last payment, which under the award fell due July 28, 1929, it was not founded upon any possible mistake of fact or law within the intendment of Sec. 434, nor was any such allegation ever made by the claimant. It was given because that was the last payment falling due under an award from which claimant had not appealed. Neither Sec. 434 nor the first paragraph of Sec. 413 has any application to any phase of this case.

Upon the return of the record to the common pleas, the employer excepted to the action of the board in awarding compensation for total disability. The learned judge of the court below, in effect, affirmed the action of the board but upon a different line of reasoning, viz., that the original agreement "has legally been in effect since the date it was entered into" and the payments made from September 13, 1926, down to

April 9, 1929, were therefore, made upon the original agreement for compensation under paragraph (a), and only those made since that date were under paragraph (c), and as the petition of November 12, 1929, was filed within one year from the last payment, it was in time and the original agreement was properly reinstated. This theory also ignores the legal effect of the award, which, by its express terms, wiped out the agreement and substituted, in lieu thereof, the award.

The point at which the complications in this case began is the award and they are due, in some measure, to the failure of claimant to appeal to the common pleas within ten days after it was affirmed by the board on August 10, 1929. By giving the award its proper legal effect, we have a clear starting point for further appropriate and authorized proceedings. Claimant resisted the making of an award placing him under paragraph (c) and has consistently maintained that he is totally disabled and therefore entitled to compensation under paragraph (a). His primary, and most effective, remedy was to appeal from the award, but, in our opinion, he is not without remedy by reason of his failure to appeal. The second paragraph of Sec. 413 clearly contemplates, inter alia, the modification by the board of an award, upon the petition of either party and proof that the disability of an injured employe has increased, decreased, recurred or has temporarily or finally ceased. Claimant's petition of November 12, 1929, was not as aptly phrased as it might have been; he should have asked for a modification of the award. The statement therein that his disability had "recurred" was not an accurate description of the ground upon which he was seeking relief from the award. His position really was that at the time of filing his petition his disability had increased to such an extent that he was entitled to compensation for total disability. Under the liberal attitude courts are authorized, by

the language of the act, to take toward pleadings in a compensation case, we may consider the petition as one to modify the award. The only possible bar that might be suggested to its entertainment and the taking of such action thereunder as the testimony would warrant would be the proviso to the second paragraph of Sec. 413 to the effect that, except in eye cases, an award for a definite period can be modified only during the time it has to run. It is true that the award as made by the referee would expire July 28, 1929, unless reversed or modified by the board upon the appeal taken from it by claimant.

The only remedy he had when the referee made the award was to appeal to the board and he promptly availed himself of that remedy. His appeal was taken more than three months before the expiration of the one hundred and fifty weeks' period but the board did not dispose of it until nearly one month after the period had expired. We think it would be contrary to the spirit of this law to conclude the legislature intended that a claimant should be denied a hearing upon the merits of his case merely because he did not file his petition for a modification of an award while his appeal from the order of the referee making the award was still pending. Indeed, claimant could not know prior to the decision of the board upon his appeal to it whether it would be necessary for him to take further action. The award was not final until the board passed upon it, and its delay should not be permitted to deprive him of the right expressly given him by the second paragraph of Sec. 413. The limitation here invoked by the employer is intended to run against a claimant who, under the other provisions of the law, is free to act but fails to do so; we therefore conclude that it is not applicable under the circumstances of this case.

The judgment entered January 30, 1932, is reversed;

the record is remitted to the court below with instructions to return it to the board to the end that claimant's petition of November 12, 1929, may be reinstated as a petition to modify the award of the referee, dated April 9, 1929, and affirmed by the board August 10, 1929, and further proceedings, not inconsistent with this opinion, had thereon.