Virtue *v.* J. Lee Plummer, Inc. et al., Appellants.

Argued October 12, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*H. E. McCamey* of *Dickie, Robinson & McCamey,* and with him *William W. Watson,* for appellant.

*Harry J. Nesbit,* for appellee.

OPINION BY PARKER, J., February 1, 1934:
This is a workmen's compensation case. The

referee, board, and court found for the claimant, and the employer, J. Lee Plummer, Inc., has appealed to this court from the judgment of the court of common pleas. By a stipulation filed after the appeal was taken, the parties have agreed that Robert E. Virtue "suffered an accident while in the course of his employment with J. Lee Plummer, Inc., resulting in the industrial loss of a leg and no further disability." The appellant, however, contends that since this proceeding was not begun within one year after the accident, it was too late and the judgment cannot be sustained.

The claimant having been injured on April 27, 1930, promptly advised the employer, who, in turn, on May 13, 1930, notified his insurance carrier, Southern Surety Company, and that corporation on June 13, 1930, entered into an agreement with the claimant providing for the payment of compensation for total disability. Payments were made to the claimant under the agreement until November, 1931, when the insurance company ceased to pay. On May 26, 1932, a petition, designated a petition for review, was filed by claimant, setting forth the fact that the Southern Surety Company was in the hands of a receiver and no payments were being made to the claimant. The employer was brought upon the record and made answer denying liability. Subsequently, the employer presented two petitions to the compensation authorities asking that the agreement entered into between the insurance company and the claimant be set aside on the ground that the employer was not bound by anything done by the insurance carrier and the claim was barred by the statute of limitations.

We will first address our attention to the procedure employed. It has many times been pointed out by the Supreme Court and this court that a proceeding under the Workmen's Compensation Act is not "litigation,"

and that established rules and principles of common law practice are not to be rigorously applied: Gairt v. Curry Coal Min. Co., 272 Pa. 494, 498, 116 A. 382; Manley v. Lycoming Motors Corp., 83 Pa. Superior Ct. 173; Ratto v. Penna. Coál Co., 102 Pa. Superior Ct. 242, 247, 156 A. 749. The courts take a liberal attitude toward pleadings in a compensation case and may consider a petition to reinstate as a petition to modify, etc.: Higgins v. Com. C. & C. Co., 106 Pa. Superior Ct. 1, 161 A. 745. The employee and the insurance carrier had entered into an open agreement which, after November, 1931, the insurance company was unable to carry out. The employee then sought satisfaction from his employer, but the employer denied liability and they were unable to agree upon the facts or the compensation due. Under such circumstances, the employee was authorized to present a claim for compensation to the board (§410 of the Workmen's Compensation Act of June 2, 1915, P. L. 736; 77 PS 1). A petition, described in, its. caption as a petition for review, having been presented by the employee, the employer appeared, made answer, and presented counter petitions in which it denied liability on the merits and for the additional reason that the claimant's petition was presented too late. The three petitions were heard together and, in, fact, treated, and properly so, as an original claim as between employer and employee, and affirmative proofs and defense were made bearing on the merits of the claim for compensation. While there is some confusion in the discussion by the board as to the sections under which relief was granted, nevertheless the proceeding was conducted as if it was an original claim petition as against the employer. The findings, which were supported by competent evidence, were just such as would have been made on such an original petition and at the time supported the award made. In fact, the board in its

final order suggested that the award might be sustained as an original petition. We will so treat the proceedings.

The principal contention of the appellant is that the proceeding was instituted too late. While Section 315 of the compensation law provides that claims for compensation shall be barred unless "within one year after the accident, the parties shall have agreed upon the compensation payable ....... or unless within one year after the accident, one of the parties shall have filed a petition as provided in article four hereof," there is a further provision in that section as follows: "Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of the making of the last payment."

We then come to the question whether the payments made by the insurance carrier were "payments of compensation ...... made in any case," as that expression is used in the Workmen's Compensation Act. Certainly a literal interpretation of the meaning would be sufficient to comprehend the payments as made. Payments were, in fact, made to the claimant and they were made in part satisfaction for the injuries suffered by the claimant by one concerned in such litigation by virtue of a contract and a statutory requirement. A consideration of the circumstances and other sections of the compensation law confirms that conclusion. The relationship existing between employers and their insurance carriers as provided for in the compensation law is very different from that which exists between an insurance company and an individual who enters into an agreement for insurance not by virtue of a requirement of the law, but only for his own convenience and protection. Here, the employer, unless specially exempted by the bureau, must carry insurance either with the State Workmen's

Insurance Fund or an insurance company authorized to insure such liability in this Commonwealth, and the insurance carrier may be made an immediate party defendant in a claim petition. By the terms of the policy of insurance offered in evidence, the carrier was required upon notice to investigate claims, to defend in the name of the employer suits or proceedings which might be instituted against it on account of injuries, and pay all costs taxed against the employer in any legal proceeding. When the employer received notice of the accident, it immediately notified the carrier and apparently dismissed the matter from further consideration so far as it was concerned. Then the carrier paid compensation for total disability for a period of eighty-two weeks. It is idle to suggest that in so doing the insurance carrier was not acting for the employer or that the payments made were not payments made in the very case now under consideration. We are all of the opinion that the payments made by the carrier in this case were sufficient to toll the running of the statute. Payments made by an insurance carrier on behalf of the employer are such payments as are referred to in the last sentence of Section 315. See opinion filed December 16, 1933, in case of Somerton v. Bell Tel. Co., 111 Pa. Superior Ct. 264.

There is, however, another matter that requires our consideration. The judgment of the court of common pleas was for total disability. The appellant by its first two exceptions attacked the sufficiency of the evidence to support such findings. By the stipulation to which we have referred, the first and second exceptions were abandoned and it was agreed that if any judgment was entered, it should be for the industrial loss of a leg and not for total disability. This will necessitate the return of the record to the court below to the end that a judgment may be entered in accordance with Section 306 (c). Such reduction will inure

to the benefit of the carrier as well. We also call attention to the fact that the court of common pleas in affirming an award is required by Section 427 to enter a judgment for the total amount stated by the award, or ordered to be payable whether then due and accrued or payable in future installments, and amounts should be expressed in money.

The record is remitted to the court below for the purpose of entering a judgment for the claimant not inconsistent with this opinion.