Finney *v.* Slutzky, Appellant.

Submitted April 23, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Leo A. Nunnink* of *Meyer & Nunnink,* and with him *Samuel G. Wagner,* for appellant.

*Harold K. Brooks,* for appellee.

OPINION BY TREXLER, P. J., October 3, 1934:

This is a compensation case. It originates in the petition of Slutzky, the defendant, who states that on August 28, 1931, the Georgia Casualty Company and the Public Indemnity Company were his insurance carriers; that on August 28, 1931, the plaintiff was injured while, as he alleges, he was in the employ of the defendant. On October 5, 1931, the insurance adjusters, on behalf of their companies, entered into an agreement for compensation. Later there was a final receipt signed. On November 10, 1932, a petition to review was presented on behalf of the claimant, and after proceedings before the referee and the Workmen's Compensation Board the final receipt was set aside. The insurance carrier appealed to the Court of Common Pleas of Allegheny County and the matter is still pending. Thereafter the insurance companies, above named, after certain mergers were made went into liquidation. It is argued by the appellant that the granting of compensation was wrong because the employer was engaged solely in the grocery business, and the injury to the claimant occurred in construction work on behalf of the defendant, but which was performed entirely by a separate and independent contractor having exclusive and sole supervision of the work, and that he employed the claimant. This fact, it is stated, was known to the adjuster, but the agreement was made notwithstanding the protest of the defendant, and that these facts showing the absence of any relationship between the defendant and the claimant, as employer and employe, were not brought to the attention of the board at the time the

case was heard and the entire proceedings were in the control of the insurance carriers. For these reasons, the petitioner asked leave to be allowed to have a new hearing before the referee and board.

An answer was made in which the claimant categorically denied the facts upon which the petition for a rehearing was founded. He claimed that the defendant was engaged in the operation of a garage in the construction of which the claimant was injured; that he was hired and paid by the defendant and that the work was exclusively within defendant's control. This is all that appears in the record except an affidavit by Harry Ginsberg, attached to the petition, in which he states that he is an architectural engineer, that he supervised the demolition of the building at the place where the new building was constructed, during the erection of which claimant was injured, that the new building was erected according to plans and specifications prepared by him and that the architectural supervision and control of the demolition work and also the construction of the new building were vested solely in affiant and, Isaac Slutzky, defendant above named, exercised none, but was only interested in the completion of the building. It may be noticed that the most important part of the matter involved was omitted in this petition. There is nothing said as to who employed the claimant, or that Ginsberg had the contract for the erection of the building.

The petition for a rehearing was refused and the appellant took the present appeal. The court below sustained the action of the board and dismissed the appeal. From this action the appeal to this court was taken. The matter was heard upon petition and answer by the board. No effort was made to verify the statements made by the petitioner. It is very evident that the board did not regard the unsupported affidavits by the defendant and Ginsberg as sufficient

to show that any injustice had been done the defendant. On the face of it it is almost incredible to think that the insurance companies were anxious to fix liability upon themselves and declined to avail themselves of what, if proven, would be a complete defense. The court, who had the whole record, states that it clearly showed the fact that defendant's alleged lack of knowledge of the proceedings and of his betrayal by his insurance carriers, were incredible and unworthy of serious consideration by the board. It calls attention to the fact that Leo A. Nunnink was the attorney of record both of the defendant and of the Public Indemnity Company, and that he swore to the petition to terminate. When the case came up for hearing, Leo A. Nunnink appeared for the defendant and conducted the proceedings for him, and the appeal from the referee's decision was signed "Issac Slutzky, defendant, and Public Indemnity Company, Insurance Carrier by Leo A. Nunnink." When the petition to review was presented by the claimant, according to the record, notice was sent to the defendant Slutzky and to the answer to that petition both the employer and the insurance carrier names are appended by Leo A. Nunnink, and the same appears in the appeal from the referee alleging errors of law, and from the referee's findings of fact. There is nothing on the record controverting the fact, which is plainly evident, that the firm of Meyer & Nunnink or Mr. Nunnink himself did represent the defendant employer in the proceedings. The lower court states that these gentlemen are reputable counsel and that they would not, without any authority, undertake to represent the defendant through all these protracted proceedings, unless duly authorized, and there is no attempt to deny their authority. From the record which was before the board it was justified in refusing the rehearing, and the court below properly sustained its action.

The only conclusion to be drawn is that as long as the employer thought that the insurance carrier would pay the compensation which was due to the claimant he was not interested in the proceedings but, since recovery against the insurance carrier has apparently been rendered impossible by its financial inability to pay claims, the employer now seeks to evade payment by a defense which could have been introduced at the time when the matter was before the board in the first instant. He, or his counsel, having knowledge of the progress of events, is bound by the result that was reached. The insurance carrier was acting for him and on his behalf. See Virtue v. J. Lee Plummer, Inc., 111 Superior Ct. 476, 170 A. 443. We quote from the opinion of Brother PARKER in that case: "The employer, unless specially exempted by the bureau, must carry insurance either with the State Workmen's Insurance Fund or an insurance company authorized to insure such liability in the Commonwealth, and the insurance carrier may be made an immediate party defendant in a claim petition. ...... When the employer received notice of the accident, it immediately notified the carrier and apparently dismissed the matter from further consideration so far as it was concerned. Then the carrier paid compensation for total disability for a period of 82 weeks. It is idle to suggest that in so doing the insurance carrier *was not acting for the employer* or that the payments were not payments made in the very case now under consideration."

The order of the lower court dismissing the appeal is affirmed; the appellant to pay the costs.