**DAMIANO v. PENNSYLVANIA R. CO.**
**CONRAD v. SAME.**
**Nos. 9277, 9278.**

Circuit Court of Appeals, Third Circuit.
Argued Feb. 6, 1947.
Decided April 30, 1947.

Donald J. Farage, of Philadelphia, Pa. (Richter, Lord & Farage and B. Nathaniel Richter, all of Philadelphia, Pa., on the brief), for appellants.

Philip Price, of Philadelphia, Pa. (Peter Williams and Barnes, Dechert, Price, Smith & Clark, all of Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, GOODRICH, and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge.

These are companion Federal Employers' Liability Act [1] cases and involve the single question—whether they are barred by the statute of limitations. Conrad was injured in Pennsylvania on October 12, 1941. His suit was started June 12, 1946. Damiano's accident, also occurring in Pennsylvania, happened on November 4, 1942, and the complaint on his behalf was filed May 16, 1946. The actions were dismissed by the District Court on motion of the defendant for failure to start them within the three years allowed by the statute.[2]

In both matters, compensation agreements were entered into by the plaintiffs with the defendant and payments were made thereunder over periods which extended to within a year of the present suits. Though the agreements or copies thereof were not before the District Court, it is to be gathered from the affidavit of Conrad and from Damiano's question-and-answer sworn statement, which are of record, that the agreements were under the Pennsylvania Workmen's Compensation Act. June 21, 1939, P.L. 520, § 1 et seq., 77 P.S. § 1 et seq. The motions were heard below on that theory. On behalf of Conrad and based on his affidavit, it is claimed that he agreed to compensation in reliance upon defendant's implicit representation that the matter fell exclusively within state law. Damiano says in his statement that he was induced to sign a Workmen's Compensation Agreement by an agent of the defendant assuring him that "you are not signing anything bad; we have to send that into Harrisburg and approve your compensation."

As the Supreme Court held in Central Vermont R. v. White, 1915, 238 U.S. 507, 511, 35 S.Ct. 865, 867, 59 L.Ed. 1433, Ann. Cas.1916B, 252, Section 6 of the Federal Employers' Liability Act not only "bars the remedy, but destroys the liability" after the lapse of time. It is a "special statutory limitation qualifying a given right." 19 Am. & Eng. Enc., 2nd Ed., 150. As to such a statute Chief Justice Waite said in The Harrisburg, 119 U.S. 199 at page 214, 7 S.Ct. 140 at page 147, 30 L.Ed. 358:

"Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are therefore to be treated as limitations of the right."

And see Flynn v. N. Y. etc. R. Co., 283 U.S. 53, 56, 51 S.Ct. 357, 75 L.Ed. 837, 72 A.L.R. 1311; Engel v. Davenport, 271 U.S. 33, 38, 46 S.Ct. 410, 70 L.Ed. 813.

Such statutes cannot be tolled, after the manner of statutes of limitation, even for fraud or concealment by the defendant which prevent the plaintiff from bringing the action within time. Pollen v. Ford Instrument Co., 2 Cir., 1940, 108 F.2d 762, 763; United States ex rel. Nitkey v. Dawes, 7 Cir., 1945, 151 F.2d 639, 644, certiorari denied, 1946, 327 U.S. 788, 66 S.Ct. 808. Section 6 of the Act in question, since its enactment in slightly different form,[3] has been construed to be in this category. Central Vermont R. Co. v. White (supra); Flynn v. New York et seq. R., 1931, 283 U.S. 53, 56, 51 S.Ct. 357, 75 L.Ed. 837, 72 A.L.R. 1311. Being in this category it cannot be tolled by fraud or concealment. Bell v. Wabash R. Co., 8 Cir., 1932, 58 F.2d 569, 572.

The plaintiffs, however, urge that proceedings in any tribunal to recover for the particular injuries are sufficient to toll the statute. They say that the compensation agreements and what followed in connec-

[1] 1 Chapter 149, Act of April 22, 1908, 35 Stat. 65, as amended, 45 U.S.C.A. § 51 et seq.

[2] Section 6 of the Federal Employers' Liability Act, 45 U.S.C.A. § 56, provides that:

"No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."

[3] Originally the period in question was two years, 35 Stat. 66. It was made three years in 1939. 53 Stat. 1404. This change has not been held to alter the nature of the limitation. Cf. Callahan v. Chesapeake & Ohio R. Co., D.C.E. D.Ky.,1941, 40 F.Supp. 353.

tion therewith, including payment by the defendant, constituted such proceedings.

In support of this they present those well recognized decisions which permit a plaintiff who has started an action either in the Federal Court or in the state court within time to amend his complaint ·after the statutory limitation has expired so as to allege interstate commerce employment and thus become entitled to proceed under the Federal Employers' Liability Law.[4] In all of the cases cited with the exception of Herb v. Pitcairn, 325 U.S. 77, 65 S.Ct. 954, 89 L. Ed. 1483, the original suits were filed in courts having jurisdiction to pass upon the Federal Employers' Liability question. And in all of those decisions, including Pitcairn (supra), amendment of an original complaint founded on negligence and filed within the statutory period, was the relief sought. In the Pitcairn opinion the Supreme Court held that an action started in a state court without jurisdiction but which action was capable of being transferred to another state court which could determine the issue, would be considered "commenced" under the Federal Employers' Liability Law. The Court went no further than that, specifically stating at page 79 of 325 U.S., at page 955 of 65 S.Ct. "Whether the action would be barred if state law made new or supplemental process necessary is a question not involved here and not decided."

The appellants particularly stress N. Y. Central & H. R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294, where a state court negligence complaint was, after the statutory limitation period had elapsed, permitted to be amended to set forth a cause of action under the Federal Employers' Liability Law. That the similarity of the grounds for suit in the state and federal causes of action was the all important factor in the decision is demonstrated by what the Court said at page 346 of 260 U.S., at page 123 of 43 S.Ct. namely, "When a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of *specified conduct,* the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied." (Emphasis added.) Tiller v. Atlantic Coast Line R. Co., 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465, is along the same lines. The suit in that matter was started under the Federal Employers' Liability Law with an amendment allowed after the statute of limitations had expired, permitting violation of the Boiler Inspection Act to be alleged. The reason for this, as stated by the Court at page 581 of 323 U.S., at page 424 of 65 S.Ct. was that the defendant "had notice from the beginning that petitioner was trying to enforce a claim against it because of the *events leading up to*" (Emphasis added) the death of plaintiff's decedent.

Despite the broadening of the rule the amendments allowed to date in this· type of litigation have, as was said in Seaboard Air Line Ry. v. Renn, 241 U.S. 290, 293, 36 S.Ct. 567, 568, 60 L.Ed. 1006, "merely expanded or amplified what was alleged in support of the cause of action already asserted * * *. But if it introduced a new or different cause of action, it was the equivalent of a new suit, as to which the running of the limitation was not theretofore arrested." Clearly the instant facts do not avoid the effect of Section 6. Even assuming the questionable premise that the Workmen's Compensation Agreement is litigation under the Pennsylvania law, it has no resemblance in form or in substance to the cause of action set forth in the complaint under the Federal Act. The Workmen's Compensation Law of Pennsylvania functions "without regard to negligence * * *." 77 P.S. § 431. Its purpose is to compensate employees who have been injured in the course of their employment. Such agreements as those under discussion are to facilitate the operation of the law without the necessity of formal proceedings which are

---

[4] Missouri, K. & T. R. Co. v. Wulf, 1913, 226 U.S. 570, 33 S.Ct. 135, 57 L. Ed. 355; Seaboard Air Line Ry. v. Renn, 1916, 241 U.S. 290, 36 S.Ct. 567, 60 L.Ed. 1006; Smith v. Atlantic Coast Line R. Co., 4 Cir., 1913, 210 F. 761; Kinney v. N. Y. Central & H. R. R. Co., 1916, 98 Misc. 11, 162 N.Y.S. 42, affirmed in 177 App.Div. 948, 164 N.Y.S. 1098; Broom v. Southern Ry. in Mississippi, 1917, 115 Miss. 493, 76 So. 525; Curtice v. Chicago & N. W. R. Co., 1916, 162 Wis. 421, 156 N.W. 484, L.R.A.1916D, 316; Lanis v. Illinois Central R. Co., 1917, 140 La. 1, 72 So. 788, affirmed per curiam, 246 U.S. 652, 38 S.Ct. 334, 62 L.Ed. 922.

provided for by the same law. The charge of negligence necessarily asserted in the present complaints departs entirely from the compensation claim. It is a completely new cause of action having no relation to the compensation agreement. Both process and forum are new. It is not intimated that there is any procedure under the law of Pennsylvania permitting transfer of even a litigated workmen's compensation suit to a common law action. Indeed the Pennsylvania Courts have held in effect, though on other phases of the Compensation Act, that Workmen's Compensation proceedings are not litigation. Gairt v. Curry Coal Mining Co., 272 Pa. 494, 116 A. 382; Virtue v. J. Lee Plumber, Inc., 111 Pa.Super. 476, 170 A. 443. But whether or not these compensation agreements can be considered litigation they bear no relationship to the negligence basis of appellants' Federal Employers' Liability suits of which latter notice was first given the appellee over three years from the date of the accidents. There is not the slightest intimation in the construction of Section 6 down to the present time that such a drastic change in the substance of the claims would be countenanced under the guise of expanding or amplifying a cause of action which had already been "commenced."

It is also contended that dismissal of these suits would permit defendants to violate Section 5 of the Federal Employers' Liability Act which provides that:

"Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void. * * *"

The effect of Section 5 if it did apply would be simply to void the compensation agreements, for there is nothing in its language to support the theory that it would bring about the restoration of appellants' expired rights under Section 6. The cases referred to by the appellants do not aid their contention. Duncan v. Thompson, 315 U.S. 1, 62 S.Ct. 422, 86 L.Ed. 575, and Sherman v. Pere Marquette Ry. Co., D.C., 62 F.Supp. 590, voided employees' agreements to negotiate an attempt to settle claims for personal injuries and not to sue

outside of the state where the injuries occurred. Erie R. Co. v. Margue, 6 Cir., 23 F.2d 664, held that a railroad was prevented from delegating its responsibility to independent contractors who would be liable to workmen only under state laws. But here even if the appellee had possessed knowledge that these claims arose out of interstate commerce (and in 1941, at the time of these agreements, there was great uncertainty as to this) that would not have prevented the operation of Section 6. Bell v. Wabash Ry. Co., supra.

The judgments of the District Court are affirmed.